## NODINE *vs.* DOHERTY.

Traveling on Sundays, except for special purposes, and in specified cases, being prohibited by statute, a contract for the hiring of horses and a carriage, made with the knowledge that they are to be used for the purpose of riding on Sunday to a place of resort for pleasure, is illegal, and the owner can not recover compensation for the use of the property so hired.

But if the hirer willfully injures the property, or suffers it to be injured through his negligence, the owner may recover the damages he has sustained.

THIS action was commenced in a justice's court, to recover compensation for the use of a carriage and horses, and for damages done thereto. The plaintiff, on Sunday, June 23, 1864, at Brooklyn, let a pair of horses and carriage to the defendant, who stated, at the time, that he wanted to take his wife and family to Coney Island. The defendant left the horses standing in the street unhitched, although cautioned not to do so. They ran away, breaking the carriage, &c. The plaintiff was nonsuited, by the justice. On appeal to the county court of Kings county, the judgment of the justice was affirmed; and the plaintiff appealed to to this court from the judgment of the county court.

*J. G. Shumaker*, for the appellant.

*H. McCloskey*, for the respondent.

*By the Court*, LOTT, J. The defendant hired of the plaintiff a pair of horses, wagon and harness, on Sunday, the 23d day of June, 1864, for the purpose of taking a ride to Coney Island, known as a place of resort for pleasure ; and while they were in his possession, the horses ran away, in consequence, as it is alleged by the plaintiff, of the negligence of the defendant in suffering them to stand in the street without being tied, although he was cautioned that it was unsafe thus to leave them ; and the wagon and the harness sustained damage to a considerable extent. This action is brought to recover a compensation for the use of the property, and the damage done thereto. The plaintiff was nonsuited, on the ground that the contract for the hiring was void.

Traveling on Sundays, except for special purposes and in specified cases, is prohibited by the statute; and the contract for the hiring of the property having been made with the knowledge by the plaintiff that it was to be used for that purpose, was illegal, and the plaintiff was not entitled to recover any compensation for the use of the property hired.

The defendant, however, could not, after obtaining possession of the property, willfully injure it or suffer it to be injured through his negligence. Such conduct has no necessary or legitimate connection with the contract of hiring. The owner does not forfeit or become divested of his right to the property by its delivery under it. He has a right to the return of it, and if it is retained after demand, an action could be maintained for the recovery thereof or its value ; and there is no reason or principle why he should not as well be compensated for its deterioration, or any damage to it, by reason of the fault of the party to whom it was hired. Such liability does not arise from the contract, but from a breach

of duty in violation of the plaintiff's rights, wholly irrespective of the contract.

We are therefore of opinion that the plaintiff was improperly nonsuited, and the judgment in the court below must be reversed, with costs.

[KINGS GENERAL TERM, February 12, 1866. *Scrugham, Lott* and *J. F. Barnard,* Justices.]