By the Court, Ingraham, P. J.
The principles stated by the chief justice of the Court of Appeals, in the case of Wooster v. The Forty-second street and Grand street R. R. Co., (MS.,) are enough for the decision of tMs case, irrespective of the particular facts proved in that case. They are; that a railroad company having a right to lay tracks in a public street is bound to lay them in a proper manner, and to keep them in repair; that if any injury occurs by reason of neglect in either respect, the company is liable; that notice to the defendant of such defect was not necessary if the defect was visible; that an omission to know of such defect was, prima facie, negligence, as much as an omission to repair after notice ; and that the presumption of negligence is complete when it appears that the defects existed, and an injury was caused thereby.
The facts in this case are; that the plaintiff was injured by a splinter of the rail, which projected from it, and by wMch the plaintiff, while doing duty as a fireman, was seriously injured, and probably permanently so. Even if it was necessary to furmsh further proof of negligence, such proof may be found, in this case. After the accident, the rail was examined, and a good many splinters were found, sticking out in different directions. The superintendent of the road said that although there were splits on the rail, so long as the spikes held they were not taken out. And another employee of the defendant said, “we let the rails get pretty well worn out before taken up.”
It is evident, from tMs testimony that the company were in the habit of allowing such defective rails to re *441 main, after they knew of their condition. In such a practice notice would be unnecessary.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham and Learned, Justices.]
If the views above expressed are correct, no error was committed by the justice, in his charge, or in refusing to charge as requested.
The damages are not excessive, when the nature of the injury is considered.
Judgment affirmed.