SAMUEL BERTHOLF, RESPONDENT, v. JAMES O'REILLY AND HERMAN FIRNHABER, APPELLANTS.

*Civil damage act — chap. 646 of 1873 — action under — constitutional as to owner of premises — Contributory negligence — Intoxication occurring while violating Sunday law, no defense — 2 Rev. Stat. (6th ed.), 928, § 84.*

R. was the owner and F. the keeper of a place where intoxicating liquors were sold without a license. The son of the plaintiff, on a Sunday, took plaintiff's horse, saying he was going to see a friend about four miles distant, but instead went directly to the place of F., and became intoxicated there, and, when in such a state, drove the horse so violently that he died. This action was brought, under chapter 646 of the Laws of 1873, to recover the value of the horse.

*Held,* that the action could be maintained against R., the landlord, jointly with F., the tenant.

That the plaintiff's allowing his son to take his horse to drive to a neighbor's, knowing the son to be of intemperate habits, was not such contributory negligence as to defeat his right of action.

That the question of contributory negligence was not applicable to the case.

That the sending of the horse on Sunday did not deprive the plaintiff of the right to sue for his property unlawfully destroyed.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the judge at the Circuit.

The action was brought under chapter 646, Laws of 1873, to recover damages alleged to have been sustained by the plaintiff, as the owner of a horse of the value of $200, which was taken from his place, in Orange county, in good condition, on a Sunday, by his son, and returned after midnight, so used up that death resulted therefrom. The son became intoxicated from liquor obtained of the defendant Firnhaber, the keeper of a restaurant, of which the defendant O'Reilly was the landlord, and in this condition drove the horse so furiously as to cause the injury complained of. The son, who was known to be of intemperate habits, borrowed the horse to go to a neighbor's, but instead went to Firnhaber's.

*Lewis E. Carr*, for the appellants.

*W. J. Gross*, for the respondent.

BARNARD, P. J. :

This is an action for damages under chapter 646 of Laws of 1873. It is brought against the owner of premises leased for the purpose of selling intoxicating liquors, and against the tenant who hired the premises for that purpose. The sale in question was made to plaintiff's son, who, by reason of the intoxication produced thereby, did " drive, worry, and maltreat " plaintiff's horse causing his death. The evidence is sufficient to sustain the verdict as to the fact of selling, and as to the consequent intoxication and its results. It was conflicting, but the jury have found the facts to have been as alleged in plaintiff's complaint. As to the tenant, the act has been held constitutional. (*Baker* v. *Pope*, 5 N. Y. S. C., 102.) The act in question gives the action against the owner of the premises where the sale is made, severally or jointly with the person selling, where the owners have knowledge that intoxicating liquors are to be sold thereon.

In this case the owner leased the premises for the purpose of selling lager beer and ale. He knew that the tenant was selling intoxicating liquors after he took possession. The tenant swears that the owner agreed, as part of the lease, to obtain a license for

him. In fact no license was obtained. I can discover no reason why the act is invalid as to the owner of the premises. The object of the law was to prevent the impoverishment of families by reason of intoxication; to prevent the violence and injury resulting from intoxication by making those who caused the intoxication liable for the damages which resulted to others by reason thereof. The tenant may sell, but he must be careful to whom he sells, and never to sell enough to cause intoxication, or to add to an intoxication which has been commenced by sales of strong drink by others. The landlord must see that he rents his premises, if he rents them for the purpose of selling intoxicating drinks, to persons who will so sell that no person shall be injured in person, property or means of support by reason of his sales. The legislature required the owner, who alone has the power to lease and select his tenant, to assume the risk of his tenant's acts in the business of selling spirituous liquors when such tenant caused injury by his sales. If the legislature can legislate against the tenant, its power to reach the landlord cannot be doubted in the cases mentioned in the act referred to.

I do not think the principle of contributory negligence applicable to this action. The plaintiff's son was made intoxicated by defendants, and ran his father's horse to death. The action was not for negligently killing the horse; if it were, sending his son with the horse to go and see a neighbor, knowing that his son frequently got drunk, would not bring the case within that principle because his son did get drunk on the occasion. The sending the horse on Sunday does not deprive the plaintiff of his right to sue for his property unlawfully destroyed. (*Nodine* v. *Doherty*, 46 Barb., 59.)

The judgment should be affirmed with costs.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed with costs.