THE DELTA LUMBER COMPANY v. THE BOARD OF AUDITORS AND THE BOARD OF SUPERVISORS OF WAYNE COUNTY.

*Highways — Townships — Control and maintenance of bridge upon State road—Liability for failure to repair.*

1. By the settled policy of this State, the care and supervision of all public highways and bridges is in the hands of the highway commissioners of the several townships, respectively, in which they are situated.

2. It was held in *Sharp v. Evergreen*, 67 Mich. 443, that it was the duty of townships to keep the highways known as "State Roads" in repair, they being placed under their care and control by the Legislature in 1836, under which act, and subsequent legislation, the townships were liable, under the statutes, for not keeping such roads in repair, and in a condition reasonably safe and fit for public travel, the same as for a like neglect as to roads laid out by the highway commissioners.

3. The fact that the law forbids the altering or discontinuance of any State or Territorial road by highway commissioners, and vests such power in the board of supervisors, does not interfere.

with or diminish the duty of the townships to keep such roads and the bridges upon them in good repair while such roads are used as public highways, and have not been altered or discontinued.[1]

4. Without concluding the townships of Springwells and Ecorse by this decision, they not being parties, the Court find that the record fails to show any liability on the part of Wayne county to maintain and operate the bridge in question in this proceeding, and deny the writ asked for by relator.

*Mandamus.*    Submitted April 4, 1888.    Denied October 19, 1888.

Relator applies for *mandamus* to compel respondents to maintain and operate a bridge.    The facts are stated in the opinion.

*Moore & Moore,* for relator.

*George F. Robison,* for respondents.

*Henry M. Duffield,* for townships of Ecorse and Springwells.

MORSE, J.    Application for *mandamus*.    The relator is a corporation existing under our laws, and has its principal office in Detroit.    It is the owner of a tract of land in the township of Springwells, in Wayne county, fronting on what is known as the "Monroe Road."    Here it has a planing-mill and lumber-yard and dock, and is engaged in the manufacture and sale of lumber.

A public highway runs from the city of Detroit to the city of Monroe, known as the "Monroe Road," and between the townships of Ecorse and Springwells it passes over the river Rouge.    This highway was originally a Territorial road, and was built, constructed, and used before the year 1816, and has been from that time until the present, and is still, used as a public road.    The

---

[1] See *Pearsall v. Supervisors,* 71 Mich. 438, as to power of supervisors to discontinue State roads.

river Rouge is a navigable stream, and the bridge upon the Monroe road is a draw-bridge. At the present time there is no public authority operating this bridge, and private parties for some time have been operating it by voluntary subscriptions. The relator claims that it is the duty of the county of Wayne to maintain and operate this bridge, and asks for a *mandamus* to compel such maintenance and operation. The facts in relation to the building, maintenance, and operation of this bridge in the past are as follows:

About the year 1816, Solomon Sibley, Henry J. Hunt, and Benjamin Woodworth were granted a franchise for a toll-bridge over the Rouge on this road. This franchise ran 25 years from December 16, 1816. The bridge was required to be built so as to permit the passage of boats without masts, and to contain a draw, through which all vessels with masts, which could not be unshipped, ascending or descending the river, might pass. It was made the duty of the grantees of this franchise to keep the draw, and open it, when necessary, for the passage of such vessels. At the expiration of the 25 years the bridge was to revert to the Territory. The franchise was never renewed. How long this bridge was maintained is not shown, but it was destroyed by a freshet before 1833. In that year the legislative council of the Territory passed an act authorizing the board of supervisors of Wayne county to rebuild this bridge, or erect a new one, and the act appropriated $300 to aid the county. The bridge was rebuilt about this time, and it would appear that the board of supervisors maintained the same up to the year 1837, and perhaps later.

In 1848 the Legislature of this State passed an act authorizing the board of auditors of Wayne county to repair or rebuild this bridge. See Act No. 293, Laws of 1848, pp. 432, 433. In accordance with this act, the

board of auditors, July 7, 1848, entered into a contract with Giles B. Slocum for the erection of a draw-bridge at this point. The bridge was built by Slocum, and accepted April 3, 1849, on which day Slocum was paid for the same by the board of auditors. It is not shown who maintained and operated this bridge from 1849 until 1867. In 1867 the bridge was again rebuilt jointly by the townships of Springwells and Ecorse, in Wayne county, since which time it has been operated and maintained alone by the said townships until about 1886, when the township of Springwells abandoned its care of the same.

The authorities of Springwells, upon October 16, 1886, notified the board of supervisors of such abandonment; and on the receipt of such notice the matter was referred by such board to its committee on roads and bridges. No further action was taken that year. October 24, 1887, the supervisors received another communication from the supervisor of Springwells, calling their attention again to this bridge, and requesting them to take action in the premises. The board of supervisors thereupon referred the matter to the same committee, who, upon the advice of the prosecuting attorney, reported that they were unable to determine who was liable for the maintenance of the bridge, but that it was a matter of no interest to the county of Wayne. This report was adopted by the board.

We have now given all the facts laid before us in the record. The respondents deny any liability upon the part of the county to maintain or operate this bridge.

We have been furnished with no brief or argument on the part of the respondents. Henry M. Duffield files a brief on behalf of the townships of Ecorse and Springwells.

We think the writ must be denied. It seems now to be the settled policy of this State that the care and super-

vision of all public highways and bridges in this State shall be in the hands of the highway commissioners of the several townships, respectively, in which such highways and bridges are situated. It was held by this Court in *Sharp v. Evergreen,* 67 Mich. 443 (35 N. W. Rep. 67), that it is the duty of the townships to keep the highways known as "State Roads" in repair; that such State roads, by the act of the Legislature in 1836, were placed under the care and control of the townships; and by such act and subsequent legislation the townships were liable, under the statutes, for not keeping them in repair, and in a condition reasonably safe and fit for travel, the same as they would be for injuries occurring by their neglect upon roads laid out and established by highway commissioners. Laws of 1836, p. 103; How. Stat. § 1321. See, also, Id. §§ 1442, 1445; *Sharp v. Evergreen, supra.*

The statute also provides that it shall be the duty of the townships to keep in good repair, etc., all public bridges within their jurisdiction, as well as the highways; and another statute makes them liable for neglect of this duty. How. Stat. §§ 1442, 1445, The Territorial roads became State roads when Michigan was admitted as a State, and come within the ruling of *Sharp v. Evergreen.* The fact that the law forbids the altering or discontinuance of any State or Territorial road by highway commissioners, and vests such power in the supervisors, does not interfere with or diminish the duty of the townships to keep such roads and the bridges upon them in good repair while such roads are used as public highways, and have not been altered or discontinued. The present bridge upon this Monroe road, and crossing the river Rouge, which at this point is the dividing line between the townships of Ecorse and Springwells, it seems, both from the petition and answer of respondents, was built jointly by these townships in 1867, and maintained and operated by them

until 1886, when they undertook to abandon the care and control of the bridge, and to turn the same over to the county. The county refused to accept it. Whether or not this bridge was built, maintained, and operated by these townships recognizing that it was their duty to do so, I am clearly of the opinion that until this highway is legally vacated or discontinued this bridge ought to be and must be maintained by these townships.

It is claimed by relator that the county is liable for the maintenance of this bridge, because it built the same in 1833, and again in 1848 or 1849, under authority from the Legislature, as before stated; that by these acts the Legislature intended to place the burden of building and maintaining the draw-bridge upon the county, and that the county accepted such burden by taking the appropriation and building the bridge in both instances    We do not think that the Legislature intended to take the bridge out of the operation of the general laws of this State by the act of 1848.    This act simply authorized the board of auditors to repair and rebuild two draw-bridges, of which this was one, and appropriated 1,600 acres of internal improvement lands for that purpose.    It placed no command or burden upon the county as to its maintenance, nor is there anything to be found in the act incompatible with the idea that the care and control of the bridge, and the duty of maintaining, repairing, and operating the same, should devolve upon the townships within whose limits it might be situated.

There is nowhere in the record any proof that from the time the bridge was built by Slocum, in 1849, up to the present time, the county of Wayne has had any care or control of this bridge, or expended a dollar upon it. Nor is there any proof that the county has paid anything towards the maintenance or operation of the bridge since

1837, save the $700 it paid to Slocum, over and above the State land appropriation, for building this bridge and another in the township of Greenfield upon a contract let under the act of 1848.    The probabilities seem to be that the townships have kept up this bridge, at least from 1849 to 1886.

We do not intend to conclude the townships of Spring-wells and Ecorse by our action in a case where they are not parties, but from the showing before us upon the facts, and under the law as we view it, the maintenance and operation of this bridge belong to them.    At any rate, we find no liability fixed upon the county as the record appears.    The writ must be denied, with costs.

The other Justices concurred.