Jeannie Mitchell, Respondent, *v.* The Broadway and Seventh Avenue Railroad Company, Appellant.

*Personal injury from a street car — amount of the verdict.*

In an action brought to recover damages for a personal injury received by a woman about twenty-seven years of age, through being run over by the defendant's horse street car, the plaintiff recovered a verdict for $15,000.

The injury was a severe and permanent one; it did not appear that the trial was so conducted as to arouse prejudice or passion against the defendant, and the jury were instructed to return such a sum as would simply compensate the plaintiff for the injuries sustained.

*Held,* that the judgment should not be disturbed on the ground that the verdict was excessive.

Appeal by the defendant, the Broadway and Seventh Avenue Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of February, 1893, upon a verdict in favor of the plaintiff, rendered at the New York Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes.

The action was brought to recover damages for a personal injury suffered by the plaintiff, and alleged to have been caused by the negligence of the defendant, a street railroad company operating horse cars. The evidence showed that the plaintiff, who was a woman about twenty-seven years of age, when attempting to cross Broadway, in New York city, at a street corner, was thrown down by the horses attached to one of the defendant's cars, and that the car passed over one of her legs, causing a severe and permanent injury.

The jury rendered a verdict in favor of the plaintiff for $15,000.

*E. Root,* for the appellant.

*S. C. Baldwin,* for the respondent.

Per Curiam :

The defendant concedes its liability for the injuries sustained by the plaintiff, and argues no exception but the one taken to the refusal of the trial court to set aside the verdict as excessive. The evidence shows that the plaintiff was severely and permanently

injured, has suffered great pain in the past, and that she will probably continue to suffer during life.

The testimony of the plaintiff and of her physicians as to the extent of her injuries and suffering, was not contradicted on the trial.

There is no evidence in the record which tends to show that the trial was conducted in a manner likely to arouse the sympathy, prejudices or passion of the jurors. The charge was temperate, and the jury was instructed to return such a sum as would simply compensate the plaintiff for the injuries sustained.

It appears that she necessarily expended about $1,000 in the employment of physicians and surgeons by reason of her injuries. While we regard the verdict as large, and should have been better satisfied had a less sum been awarded, we do not under the circumstances feel justified in setting it aside. Had the trial been so conducted as to arouse prejudice or passion against the defendant, we would be justified in ordering the damages to be reassessed, in case a reduction should not be assented to. But upon the whole record we think the power should not be exercised in this case, and that the judgment and order should be affirmed, with costs.

Present — O'BRIEN, FOLLETT and PARKER, JJ.

Judgment and order affirmed, with costs.