McAdam, J.
The plaintiff, a laborer in the employ of the defendant, was required by it to report to one of its foremen for work on Sunday morning, May 1, 1892, at the defendant’s blacksmith shop on Third Avenue and Ninety-eighth Street, this city. The plaintiff reported as *427 requested, and, following the foreman’s direction, ascended a scaffolding which the defendant had erected, some twenty feet or more in height; while working there one of the central boards broke, the end turned, and the plaintiff was precipitated to the ground, sustaining injuries of such a serious character to the bones of both feet as to necessitate his removal to a hospital, where he was required to remain until June 26, 1892, when he was able to leave the institution on crutches. The plaintiff has not recovered from the injuries, and probably never will be able to work again.
The jury rendered a verdict in favor of the plaintiff for $15,000, atfd the defendant moves for a new trial upon the ground (1) that there was no evidence of negligence; (2) that the plaintiff was engaged in violating the Sunday law at the time of the accident, and being a wrongdoer, cannot recover ; (3) that the damages awarded are excessive. These objections will be considered in the order of their presentation.
First. It is elementary that the master must furnish a safe place for his servant to work, and cannot relieve himself from this duty by delegation (See cases collated in Rettig v. Fifth Ave. Transportation Co., 6 Misc. R. 332). In Green v. Banta (48 Super. Ct. 156; aff’d 97 N. Y. 627), the plaintiff and other servants of the defendant were dumping bricks upon a scaffold when it fell, and plaintiff was injured thereby. In an action to recover for said 'injuries, held, “ that it was the duty of defendant to furnish for plaintiff to work on properly built scaffolding, and any negligence of the foreman or other workmen employed by defendant to erect the same was defendant’s negligence, and not that of a fellow-workman of plaintiff.” Also held, “ that the fact that the ■ scaffold gave way was primee facie evidence of negligence ’’ (See also, Flynn v. Harlow, 46 State Rep. 872).
Upon these authorities the unexplained breaking down of the scaffolding made out a case sufficiently strong *428 to go to the jury on the subject of negligence, and that question was sent to them with instructions which fully explained the rights and duties of the respective parties in regard to the scaffolding and the care required in its use.
Second. The Penal Code (§§ 263, 266) prohibits manual labor'and manufactures on the Sabbath; yet it is clear that the violation of these penal provisions had nothing whatever to do with the injury to the plaintiff, for it would have happened to him on any other day under similar conditions. It was not the day, but the neglect of the defendant which caused the damage.
A party violating the law is not on that account put at the mercy of others (Cooley on Torts, 159). He may not be able to recover for services rendered on the faith of 'the contract ; but he is not for that reason to be physically disabled. In other words, the defendant, in order to escape from liability for its negligence, cannot plead a violation of the Sunday law, which it invited (Carroll v. Staten Island R. R. Co., 65 Barb. 32; aff’d 58 N. Y. 126; s. c., 17 Am. R. 231; Nodine v. Doherty, 46 Barb. 59; Platz v. City of Cohoes, 89 N. Y. 219; O’Shea v. Kohn, 33 Hun, 114; aff’d 97 N. Y. 649; Merritt v. Earle, 29 N. Y. 115; Bertholf v. O’Reilly, 8 Hun, 16; aff’d 74 N. Y. 509; Sutton v. Town of Wauwatosa, 29 Wisc. 21; Knowlton v. Milwaukee City Ry. Co., 59 Id. 278; Mohney v. Cook, 26 Pa. St. 342; Western Union Telegraph Co. v. McLaurin, 70 Miss. 26; s. c., 38 Am. & Eng. R. R. Cases, note; Philadelphia, etc., R. R. Co. v. Philadelphia & Havre de Grace Towboat Co., 23 How. U. S. 218; Powhatan Steamboat Co. v. Appomattox R. R. Co., 24 Id. 247; Louisville, N. A., etc., R. R. Co. v. Buck, 116 Ind. 566; Louisville, N. A., etc., R. R. Co. v. Frawley, 110 Id. 18; H. & T. C. R. R. Co. v. Rider, 62 Tex. 267; Schmid v. Humphreys, 48 Iowa, 652; Baldwin v. Barney, 12 R. I. 392; Black v. Town of Lewiston, 13 Pac. Rep. 80; Sharp v. Township of Evergreen, 35 N. W. Rep. 67; Smith v. N. Y., Susquehanna, etc., R. R. Co.. 46 N. J. L. 7; Johnson v. *429 Missouri Pacific R. R. Co., 18 Neb. 690; Van Auken v. Chicago W. M. Ry. Co., 55 W. W. Rep. 971).
The rule declared seems to be in accord with the consensus of opinion on the subject, and the decisions of the Massachusetts courts to the contrary depend so much on the peculiar legislation and customs of that Commonwealth as to be regarded inapplicable to injuries received in this State.
The authorities cited are adjudications in cases which rested more or less upon contractual relations made in violation of the statutory provisions respecting the Sabbath, and recoveries were, nevertheless, sustained bn the ground that the transgression by the plaintiff was not the proximate cause of the damage, did not justify the injuries complained of, and furnished no defense to the defendants who caused them.
If the plaintiff had to recover “ through the medium and by the aid of an illegal transaction, to which he was himself a party,” there might be some force in the defendant’s contention. But this is not so, for the defendant is liable to plaintiff for the safety of the scaffolding, independent of the contractual relations between them (Coughtry v. Globe W. Co., 56 N. Y. 124).
Third. There is no precise rule for estimating damages for personal injuries arising from negligence. The compensation is for pain and suffering, which cannot be accurately estimated in dollars and cents. The damages may embrace the expenses of cure, the value of time lost thereby, with a fair allowance for any permanent disability and diminution of power to earn money. Evidently, much must be left to the sound judgment of the jury, and their discretion should not be disturbed except in a clear case of abuse. The plaintiff was thirty-five years of age at the time he sustained the injuries, which are likely to be of a permanent character, wholly disabling him from all labor. He had a long and useful life before him. The verdict was for $15,000. Smaller verdicts have in like *430 cases been set aside, while those nearly approximating or exceeding it in amount have in the following cases been sustained: $12,000 (Rockwell v. Third Ave. R. R. Co., 64 Barb. 438; aff’d 53 N. Y. 626); $14,000 (Gale v. N. Y. Central, etc., R. R. Co., 13 Hun, 1; aff’d 76 Id. 594); $15,000 (Schultz v. Third Ave. R. R. Co., 46 Super. Ct. 211; reversed on other grounds, 89 N. Y. 242); $15,000 (Mitchell v. Broadway & Seventh Ave. R. R. Co., 70 Hun, 387; 54 State Rep. 116; 24 N. Y. Supp. 32)]; $20,000 (Walker v. Erie Ry. Co., 62 Barb. 260); $30,000, (Harrold v. N. Y. Elevated R. R. Co., 24 Hun, 184.)
In view of these cases it is impossible to hold with any degree of confidence what the verdict should have been, •or that it is ill-proportioned to the serious character of the injuries.
For these reasons the motion for a new trial must be denied.