[Civil No. 3160.   Filed May 16, 1932.]

[11 Pac. (2d) 354.]

ANNA L. BEALS, Appellant, v. FRANK E. QUIGG, Parent of DOROTHY QUIGG, a Minor, Appellee.

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellant.

Mr. L. C. McNabb and Mr. O. B. DeCamp, for Appellee.

LOCKWOOD, J.—Dorothy Quigg, a minor, hereinafter called plaintiff, brought suit through her father, Frank E. Quigg, against Anna L. Beals, hereinafter called defendant, to recover damages for injuries received in an automobile accident which plaintiff alleged to have been caused by the negligence of defendant. C. M. Waid was joined as co-defendant, but at the close of the evidence the case was dismissed as to him, so we need not consider him in passing upon this appeal.

The case was tried to a jury which returned a verdict in favor of plaintiff in the sum of $10,475.00 and after the usual motion for new trial had been overruled this appeal was taken.

There is but one assignment of error made by defendant, and that is that the damages awarded were excessive, being given under the influence of passion and prejudice. In order to determine this issue, it is necessary that we consider briefly the facts of the case. Viewing the evidence in the strongest light in favor of plaintiff, as we must under our oft-repeated rule, these facts are as follows: Plaintiff was a minor of approximately the age of seventeen years, and on the day of the accident was riding in a Dodge touring car driven by Norma Acuff, also a minor. As the car in which the plaintiff was riding was crossing a street intersection in the city of Phoenix, a coupé driven by defendant crashed into the rear of the Dodge car and upset it, plaintiff being seriously injured thereby. It is not contended that there was not ample evidence in the case to justify the jury in finding that defendant's negligence was the proximate cause of the accident. It is urged, however, that even though plaintiff was entitled to recover something, the amount awarded was grossly excessive, and that certain evidence which was offered in the presence of the jury, although finally ruled out by the

court, was so prejudicial that the large verdict was really caused thereby. It appeared that just after the accident an empty flask, which had recently contained intoxicating liquor, was found near by, and there was an attempt to prove that this flask had recently been in the possession of defendant, and that she was under the influence of liquor at the time the accident occurred. We have examined carefully the reporter's transcript and are of the opinion that there was nothing improper in the evidence complained of being offered by plaintiff under the circumstances of the case, even though part of it was finally excluded by the court, nor can we assume, as a matter of law, that the jurors were prejudiced against defendant by the evidence which they heard on this point, or that it affected the amount of the verdict.

We consider, then, whether the injuries received by plaintiff were of such a nature that we can say as a matter of law the verdict was excessive. Plaintiff was a girl of the age of seventeen years, and was in good health at the time of the accident. As a result of the collision she sustained a fracture of the pelvis, and was in a plaster cast for something over two months and a half, and after the cast was removed an operation was performed on her hip in an endeavor to improve her condition. The final outcome was that one of her legs was permanently shortened from an inch and a half to an inch and three-quarters, so that she will always walk with something of a limp, and the doctor who attended her testified that this would have a tendency to produce a permanent curvature of the spine, while the fractured pelvis would seriously affect her ability to bear children, if she should marry. During this period she necessarily suffered a great deal of pain.

We have been cited to no case entirely similar in its character, nor, indeed, is it often that two cases are found in which the injuries sustained are exactly

alike. The nearest case to the present one, decided in this jurisdiction, is that of *Pacific Construction Co.* v. *Cochran,* 29 Ariz. 554, 243 Pac. 405, where a woman of forty-seven had suffered a fractured femur, which resulted in a permanent shortening of one leg. The court held that a verdict of $3,500 was not excessive. In the case at bar the injury was much more serious. Plaintiff in this case was some thirty years younger than the plaintiff in the Cochran case, so that according to the ordinary life expectancy her injury would cover a much greater period, and in addition thereto the difficulty of bearing children was not an element of injury in the Cochran case.

There have been a number of cases decided in different jurisdictions where the plaintiff was a woman and the principal injury was a permanent shortening of the leg, and the verdicts sustained by the appellate court were practically equal to or greater than that found by the jury in the present case. *Flaherty* v. *St. Louis Transit Co.,* 207 Mo. 318, 106 S. W. 15; *Loftus* v. *Metropolitan St. Ry. Co.,* 220 Mo. 470, 119 S. W. 942; *Central Texas & N. W. Ry. Co.* v. *Gibson,* (Tex. Civ. App.) 83 S. W. 862; *Miller* v. *Harpster,* 273 Mo. 605, 201 S. W. 854; *Mitchell* v. *Broadway & S. A. Ry. Co.,* 70 Hun 387, 24 N. Y. Supp. 32.

While the verdict is rather large, we cannot say that under the evidence its amount is so great as to cause us to hold as a matter of law that it was excessive or the result of passion or prejudice on the part of the jury.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.