TINGLE v. C., B. & Q. R. Co.

1. **Railroads:** VIOLATION OF SUNDAY LAW: DAMAGE TO STOCK.   A railroad company incurs no other penalty for running trains on Sunday than the fine provided by section 4072 of the Code.   The liability of such company for killing an animal by a train run on Sunday is to be determined by the same rules as if the accident had occurred on a secular day.

*Appeal from Lucas Circuit Court.*

FRIDAY, DECEMBER 15.

THE plaintiff claims of the defendant thirty-five dollars, for the alleged killing of plaintiff's cow upon a public highway, by a locomotive and train operated by the defendant on Sunday.   The defendant filed a demurrer to the petition, which the court overruled.   The defendant elected to stand upon its demurrer, and judgment was entered against the defendant for the amount claimed.   The defendant appeals.

*Stuart Bros.*, for appellant.

*W. S. Dungan*, for appellee.

DAY, J.—The amount in controversy not exceeding one hundred dollars, the court certified for our determination the following question: "When a railroad company unlawfully runs its trains on Sunday, in violation of the provisions of section 4072 of the Code, and while so running, strikes and kills a cow at a point where its track crosses a public highway, when said animal was lawfully running at large at the time, is said railroad company liable for said injury, in the absence of negligence on the part of the railroad or its employes operating said trains?"   Section 4072 of the Code provides that if any person be found on the first day of the week, commonly called Sabbath, engaged in any labor, the work of necessity and charity only excepted, he shall, on con-

viction, be fined in a sum not more than five dollars, nor less than one dollar. The question which we have now to determine is whether the simple operation of a train, in violation of the provisions of this statute, renders a railroad company liable for all damages accidently occurring, without fault or negligence on its part, other than the mere operating of the train. Although this question has never been determined in this State, yet principles have been settled which, in our opinion, are decisive of it. In *Schmid v. Humphrey*, 48 Iowa, 652, it was held that the right of a party to recover damages for injuries resulting from the frightening of his horses by the defendant's dogs, was not affected by the fact that the injury was sustained whilst the plaintiff was riding on a business errand on Sunday, in violation of the provisions of section 4072 of the Code. In *Sutton v. The Town of Wauwatossa*, 29 Wis., 21, after an exhaustive review of the authorities, it was held that the fact that plaintiff was driving his cattle to market on Sunday, in violation of the statute, when they were injured by the breaking down of a defective bridge which the defendant town was bound to maintain, would not prevent a recovery, upon due proof of defendant's negligence in constructing and maintaining such bridge. Now, if the mere fact that a party is engaged in employment upon the Sabbath day, in violation of statute, will not defeat recovery for an injury sustained whilst so employed, it follows, we think, that the mere fact that a person is so employed will not render him liable for injuries inflicted without other fault or negligence than the being so employed. It is true that if the defendant's train had not been operated on Sunday, the injury complained of would not have occurred. It is also true, in the cases of *Schmid v. Humphrey*, and *Sutton v. The Town of Wauwatossa*, *supra*, that if the plaintiffs had not, in violation of statute, been at the places where the injuries of which they complained were inflicted, the injuries would not have been sustained. Yet in both cases it was in effect held, that the fact of the parties being at the places in

question, and engaged in an unlawful employment, did not proximately contribute to the injuries of which they complained. So, in this case, whilst the injury could not have been inflicted if the defendant's train had not been operated, still, as it is not claimed that the train was operated in a negligent manner, the proximate cause of the injury was not the operation of the train, but it resulted from an accident for which the defendant is not responsible. The cases in this court in which a party has been held liable in damages for the violation of a statute, have all been cases in which the unlawful act contributed to the injury. In our opinion, no other liability is incurred by the operation of a railway train in violation of the provisions of section 4072 of the Code, than that which the statute itself imposes. It follows that the demurrer to the plaintiff's petition should have been sustained.

REVERSED.