KNOWLTON vs. THE MILWAUKEE CITY RAILWAY COMPANY.

*December 14, 1883 — January 8, 1884.*

*(1) Sunday traveling: Injury on street railway.   (2) Damages held not excessive.   (3) Evidence of res gestæ: immaterial error.   (4) Instructions to jury: immaterial error.   (5) Contributory negligence: choice between perilous courses.   (6) Special verdict.*

1. The fact that a person was traveling for pleasure on Sunday does not affect his right to recover for an injury received on a street railway.
2. The plaintiff having been disabled for several weeks and having suffered much pain by reason of an injury to his hip, an award of $400 damages is *held* not so excessive as to raise a presumption that the jury were actuated by any prejudice, bias, or improper motive.
3. Where, in an action for personal injuries, the fact is undisputed that the plaintiff was so injured in his hip that considerable pain was inevitable, the admission of evidence that after the injury he complained of pain in his hip, if error, is immaterial.
4. When a fact has been specifically found by the jury, a refusal to instruct them as to their verdict if they found the fact otherwise, becomes immaterial.
5. The plaintiff in an action for personal injuries having been compelled to choose between two perilous courses without time for deliberation, it was not error to instruct the jury that he was not guilty of negligence if, in the exercise of his judgment, he chose the course which he followed, although, had he chosen the other course, he would have escaped injury.
6. When a special verdict is demanded, the court has a large discretion in fixing the terms and scope of specific questions to be submitted; but the questions must cover all controverted issues.

APPEAL from the County Court of *Milwaukee* County.

The defendant is a corporation, and a carrier of passengers for hire, in the city of Milwaukee, in cars propelled by horses. In May, 1882, the plaintiff was a passenger in one of these cars, and when alighting therefrom was injured by the starting of the car. This happened on Sunday. This action is to recover damages for such injury. No question is raised on the pleadings. The issues tried were the negligence of the defendant, alleged by the plaintiff, and the contributory negligence of the plaintiff, alleged by the defendant, as the proximate cause of the injury complained of.

The testimony, although in some respects conflicting, tends to show that the plaintiff, who had a diseased foot and leg, and walked only with crutches, wished to leave the car in which, with a friend, he had been riding, at the crossing of a certain street, and the driver stopped the car to enable him to do so. It was a closed car, with a door in the rear through which passengers passed to a platform and descended to the street on either side of the car. There was an iron railing in rear of the platform. There were two tracks at that point, about three feet apart. This car was going west on the north track. The plaintiff's lodgings were a short distance south of the crossing. His friend stepped off the platform steps on the south side, and just as the plaintiff was about to do so, his friend told him to wait until another car coming from the west and then near them should pass. About the same time the driver of the car going west signaled the driver of the other car to stop, and he did so when the heads of the horses attached to the two cars were about opposite each other. The plaintiff then started to leave the platform, and placed his crutches on the ground for that purpose, standing on the lower step leading from the platform to the street. He had hold of the iron railing with his left hand, and stood upon his well foot, his diseased foot not resting upon anything. When in this position, and about stepping to the ground, the driver with whom he had been

riding started his car, and the plaintiff was thrown to the ground with considerable violence. He retained his hold upon the iron railing and was dragged to a point opposite the rear end of the other car, and thus received the injury complained of.

There was a special verdict in the form of questions and answers as follows:

"1. Was the plaintiff thrown down, at the time and place mentioned in the complaint, by reason, among other causes, of the defendant's car being started up by the driver while plaintiff was in the act of leaving the same? Yes.

"2. Was the plaintiff, at the time the car so started up, holding on the rail, standing on the step of said car, or on the ground near said step, holding on the rail? Standing on the step of said car.

"3. Did the defendant stop the car for plaintiff to get off of the same, and did the plaintiff have time and opportunity to descend from said car to the ground before it started up? The defendant did stop the car, but the plaintiff did not have sufficient time to descend from said car before it started up.

"4. Was the plaintiff in the exercise of ordinary care in getting off said car, and in attempting to descend from the same, at the time and place mentioned in the complaint? Yes.

"5. Was the injury to the plaintiff in any manner attributable to the want of ordinary care on the part of the plaintiff, contributory thereto? No.

"6. Was the injury complained of caused by any want of ordinary care on the part of the defendant or its servant, at the time and place mentioned in the complaint? Yes.

"7. Do you find for the plaintiff or defendant? For the plaintiff.

"8. If you find for the plaintiff, at what do you assess his damages? $400."

Motions for a nonsuit and for a new trial were denied,

and judgment was entered for the plaintiff pursuant to the verdict. The defendant company appeals from the judgment.

For the appellant there was a brief by *E. P. Smith* and *D. G. Rogers*, and oral argument by *Mr. Smith*.

For the respondent there was a brief by *Austin & Runkel*, and oral argument by *Mr. Austin*.

LYON, J. Several questions of fact are involved in the determination of the issues of negligence made by the pleadings and evidence. The extent of the plaintiff's lameness as affecting his ability to move more or less rapidly; the speed with which the car coming from the west was moving; the nearness of the two tracks to each other, and whether the plaintiff might safely have stood between them had the cars passed each other; whether the plaintiff had reasonable opportunity to step behind the car in which he had been riding before the arrival of the other car; the proximity of the latter car when first discovered by the plaintiff; how suddenly the car which the plaintiff was leaving was started; the care exercised by the driver to ascertain whether the plaintiff was clear of the car; the imminence of the emergency in which the plaintiff was obliged to act; and perhaps other material facts, must necessarily be determined before the issues of negligence can be intelligently decided. Upon nearly all of these questions the testimony is conflicting. It would be idle to discuss the proposition that questions of negligence, the solution of which depends upon the determination of so many disputed facts, are always for the jury. They were submitted to the jury in this case, and the jury found the driver of the defendant guilty of negligence which caused the injury complained of, and acquitted the plaintiff of any negligence contributing thereto. These findings are supported by abundant testimony.

The right of the plaintiff to recover is not affected by the

fact that he was traveling for pleasure on the Sabbath day. He did not thereby become an outlaw, but was as much within the protection of the law, and was entitled to the same degree of care by the defendant to protect him from injury as though he had postponed his ride on the defendant's car until the following day. It was so held in *Sutton v. Wauwatosa*, 29 Wis., 21, and the rule was reasserted and emphasized in *McArthur v. G. B. & M. Canal Co.*, 34 Wis., 139. The rule rests upon sound principle, and this court has no disposition to disturb it.

We do not think the damages assessed herein are so large as to justify the interposition of this court. The testimony tends to show that by reason of the injury the plaintiff was disabled several weeks, and that he suffered much pain. We cannot say that an assessment of $400 in such a case is so excessive as to raise a presumption that the jury were actuated by any prejudice, bias, or improper motive.

Upon the testimony alone, therefore, we cannot disturb the judgment entered for the plaintiff pursuant to the verdict and findings of the jury. It remains to consider the rulings of the learned county judge, made during the progress of the trial, upon which errors are assigned.

1. A witness for plaintiff was allowed, against objection, to testify that when plaintiff reached his lodgings, immediately after his injury, he complained of pain in his hip. Probably the testimony was competent. But, whether it was or not, the proof is practically undisputed that by being dragged on the ground after the car the plaintiff was injured in the hip to an extent that considerable pain in the injured limb would be almost inevitable. If the ruling was erroneous the defendant could not have been prejudiced by it.

2. The court refused to give the jury an instruction proposed on behalf of the defendant, as follows: "If the jury find from the evidence that the plaintiff stopped on the lower step of the outside rear platform of the car longer

than was necessary for him to safely descend from the same to the street, then he cannot recover." The refusal to give this instruction is of no importance, because the question was specially submitted to the jury whether the plaintiff had sufficient time to descend from the car to the ground after the car was stopped and before it was again started, and the jury gave a negative answer to the question. It being thus determined that the plaintiff had not sufficient time to descend safely from the car, it cannot be a material error that the court refused to instruct the jury what legal result would have followed had they found that the plaintiff had sufficient time for that purpose.

3. The court refused to give the following instruction, which, omitting the words in italics, was asked by defendant, but gave it as modified by the insertion of those words: "If the jury find from the evidence that the plaintiff voluntarily placed himself in the position described by him, that is, with only one foot on the lower step, the other loose, his crutches on the ground, and his left hand on the back rail of the platform, and knew that the car might be liable to start at any moment, and had time to descend to the ground before the car did start, but neglected to do so, and, *without negligence or want of ordinary care by the driver*, was thrown to the ground by the sudden jerk of the car in starting, he cannot recover in this action." The proposed instruction is to the effect that the facts hypothetically stated therein (if true) constituted such negligence on the part of the plaintiff as would defeat the action. One of the facts thus stated, to wit, that the plaintiff "knew that the car might be liable to start at any moment," has no testimony to support it. The plaintiff had the right to presume that the car was not liable to start at any moment, but would remain standing a reasonable time to enable him to leave it in safety. Another fact thus stated, to wit, that he had time to descend to the ground before the car started has, as al-

ready observed, been negatived by the jury. Moreover, had the jury found that the plaintiff had time to disengage himself from the car before it started, it would by no means necessarily follow that he was negligent. The sudden emergency of the approaching car might, in the opinion of the jury, have justified him, considering his crippled condition, in stopping for a few moments on the lower step of the platform to determine the course he might safely pursue. For the above reasons the instruction asked was properly refused. The modified instruction given states the law correctly, and would have stated it correctly had it been predicated upon other and different supposed facts. It amounts only to an instruction that if the defendant's driver was free from negligence there could be no recovery.

4. The court instructed the jury that, although they might find the plaintiff would have escaped injury had he let go his hold upon the car, yet he was not guilty of negligence if he, in the exercise of his judgment at the time, thought he would be less injured if he retained his hold. We think the instruction correct. . We have discovered nothing in the testimony which would have justified the jury in finding the plaintiff negligent because he held to the railing instead of releasing his hold. Either course was perilous; and he had no time for deliberate choice. He might have chosen either, and it would be absurd and unjust to impute negligence to him because he did not choose the other.

5. The court was asked, on behalf of defendant, to submit several specific questions of fact to the jury. The court did submit the substance of these, but in fewer and more comprehensive questions, except, perhaps, the jury were not required, in terms, to find what particular act or omission of the defendant's driver was negligent. The jury found, however, that he started the car before the plaintiff had sufficient time to alight therefrom. This was sufficient negligence to fix the liability of the defendant, and it is quite immate-

rial whether the driver was or was not negligent in any other particular. The court necessarily has a large discretion in fixing the terms and scope of specific questions to be submitted to a jury, when a special verdict is demanded, but the questions must cover all controverted issues. The questions so submitted in this case certainly include all such issues, and we think were properly framed to secure the rights of both parties.

The foregoing observations are believed to cover all the material rulings of the trial court upon which errors are assigned, and which are relied upon to reverse the judgment. Our conclusion is that the record discloses no material error, and hence that the judgment of the county court should not be disturbed.

