GEORGE GROSS v. JAMES H. MILLER, Appellant.

**Negligence: Injuring Law Breaker.** Where one who is breaking the Sunday laws, carelessly injures another, also engaged in violating the law, the injured party, if free from contributory negligence, may recover, where no causative connection exists between the injury and the breach of law.

**Practice:** SUCCESSIVE ATTACK. Code, 2639, provides that but one motion and one demurrer shall assail a pleading until the pleading be amended after the filing. *Held*, a demurrer may be filed after a motion is filed, though the pleading assailed has not been amended in the meantime.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

TUESDAY, DECEMBER 18, 1894.

Action to recover damages for a personal injury. The petition alleges that on October 4, 1891, defendant and plaintiff were alone together in a wood; that plaintiff was about four feet distant from defendant, who saw and knew of plaintiff's presence and position; that defendant had in his possession, and under his control, a loaded revolver, which he so handled as to cause the same to be discharged when pointed toward plaintiff, and a bullet therefrom to be shot and lodged in plaintiff's arm or wrist, injuring the same and breaking the bones thereof, and permanently disabling plaintiff; that the discharge of said revolver was not due to inevitable accident, but solely to the fact "that defendant failed to use a high degree of care to prevent the discharge thereof at the time and under the circumstances stated;" that plaintiff was in the exercise of due care. The defendant, in his answer, admitted that plaintiff and defendant were alone in the

wood at the time stated, and denied all other allega-
tions of the petition.    In a further division of the
answer, defendant says:    "(3) Defendant avers that
said fourth day of October was the first day of the week,
commonly called 'Sabbath.'   At the time of plaintiff's
alleged injury, complained of in this action, plaintiff
and defendant were upon said Sabbath engaged
together unlawfully in shooting and carrying firearms,
contrary to the statute of Iowa; that their said shooting
and carrying firearms was neither the work of neces-
sity nor charity; that plaintiff received said injury
while plaintiff and defendant were engaged in prose-
cuting the said unlawful action."    He also averred
that plaintiff contributed to his own injury.    Plaintiff
moved to strike the third division of the answer because
the matters alleged therein were irrelevant, immate-
rial, and redundant, which motion was overruled. After-
ward, plaintiff demurred to said third division of the
answer because, first, a violation of the Sunday law
does not justify or excuse an injury which was negli-
gently or willfully caused by defendant; second, it is
not alleged that, at the time plaintiff was hurt, he was
in possession, or had any control, of the revolver by
means of which he was injured, nor is any fact alleged
tending to show that any violation of law by plaintiff
was the efficient or proximate cause of the injury;
three, there is no allegation that the discharge of the
revolver which is alleged to have caused the injury was
caused by an act of plaintiff, or the joint act of plaintiff
and defendant; four, there is no apparent or alleged
connection between the alleged violation of the Sunday
law and the injury complained of.    Defendant moved
to strike the demurrer because it constituted the sec-
ond pleading assailing said count; that the motion to
strike, heretofore filed and overruled, raised the same
questions, and constituted an adjudication upon the

questions raised in said demurrer. The court over-
ruled the motion to strike, and defendant excepted.
Thereafter the court sustained the demurrer, to which
ruling an exception was taken, and this appeal is·prose-
cuted from said rulings.—*Affirmed.*

*Casey & Stewart* for appellant.

*C. L. Poor* and *J. D. M. Hamilton* for appellee.

Kinne, J.—I. It is said that the court erred in
overruling the motion to strike the demurrer. This
claim is based upon the thought that the motion first
filed and the demurrer presented the same question,
and that it is not allowable to assail a pleading first by
motion, which may go to its substance, and, if it be
overruled, to file a demurrer raising the same ques-
tions. Our statute provides that "but one motion
and one demurrer assailing such pleading shall be
filed, unless such pleading be amended after the filing
of a motion or demurrer thereto." Code, sec-
tion 2639. There is no prohibition in the statute
against filing a demurrer after a motion to the
same pleading, even though the pleading has not been
amended in the meantime. We do not decide as to
the correctness of the ruling overruling the motion to
strike the demurrer, for if defendant's claim is correct,
that both the original motion and the demurrer pre-
sent the same question, it will be sufficient to deter-
mine the questions upon the demurrer which was sus-
tained by the court.

II. The question is, if two persons are engaged
in a violation of the Sunday law, and one is
injured by the negligence or carelessness of the
other, may the injured party recover if he did not
otherwise, by his own negligence, contribute to pro-
duce the injury? We think the demurrer was properly

sustained. As we view the case, the facts pleaded in the answer did not, in and of themselves, show, or even tend to show, that the violation of the Sunday law by plaintiff was the efficient or proximate cause of his injury. It may be conceded that the authorities upon this question are in conflict; that the earlier cases in some of the New England states, as well as many later cases, have gone to great extremes in holding that parties who were injured while engaged in violating the Sunday law could not recover for injuries carelessly or negligently inflicted upon them by others. The unreasonableness of these views has been very justly criticised by all leading text writers upon the subject, and has met with the condemnation of the courts elsewhere. The following cases will illustrate the theory adopted in the line of cases spoken of: *McGrath v. Merwin*, 112 Mass. 467; *Wallace v. Hammond*, 38 Ga. 199; *Cannon, Wallace v. Navigation Co.*, 134 Mass. 95; *Cratty v. City of Bangor*, 57 Me. 423; *Smith v. Railroad Co.*, 120 Mass. 490. So apparent was the injustice of this rule, adhered to in Massachusetts and some other states, that an act was passed by the legislature of Massachusetts, providing that in such cases the fact that the injured party was engaged in violating the Sunday law when he received his injury should not be a defense to an action to recover therefor. General Laws Mass., 1884, chapter 37. A distinction is attempted to be drawn, in some of these cases, between injuries received by one while violating the Sunday law, at the hands of one not jointly engaged in such illegal act, and the case of joint violators of the Sunday law, one of whom is injured by the negligence of the other. To illustrate, it is held that one who travels on Sunday in violation of the law, and is assaulted by a dog, may recover, because, as is claimed, his own illegal act was "merely a condition, and not a contributing cause of

the wrong" (*White v. Lang*, 128 Mass. 598), while recovery is denied to one who on Sunday assisted another to clean out a wheel pit, and while doing so was injured by his companion. In the latter case it is said that "the illegal act of the plaintiff was inseparably connected with the cause of action, and contributed to his injury." The theory seems to be that because plaintiff was engaged with defendant in the same illegal work, and the accident was one of the risks of the employment, he should not be permitted to recover. The same theory would prevent a railroad employe who was working for the company on Sunday, and was negligently injured by it, from recovering,—a doctrine abhorrent to our enlightened civilization, and fit only to be administered in the dark ages. Even in Massachusetts, where the doctrine has been carried to its extreme, if the injury is willful, recovery is permitted.

We do not think that there is any sufficient reason why, if two persons are engaged in violating the Sunday law, and without any other contributing cause one is injured, that he should be denied recovery, or that it can be said in such a case, and on such facts alone, that the injury was the result of the violation of the law. To so hold would be offering a premium for negligence, and holding out as an inducement for carelessness the fact that Sunday violators owed no duty to each other as to the exercise of care to prevent accidents. Such a doctrine seems to us more pernicious in its effect than is the violation of the Sunday law itself. But why should the courts add to the violation of this law a penalty which the law itself has not affixed? If one violates the Sunday law, he is amenable to the state,—is subject to the punishment inflicted by statute. We cannot see, upon principle, why the mere act of violating such a law should in any case be held a contributing cause to the injury if one

follows.  If the boys had not gone to the woods, the
accident would not have happened; and the same is
true if they had not been in existence.  So far as the
pleadings show, there is nothing surrounding this acci-
dent that was in any way peculiar to the day upon
which it happened.  It was not more likely to happen
upon Sunday than on any other day.  It was not a
necessary, or even, we think, probable, result of the
violation of the law.  At most, it can be said that it
was a result which, though not to be expected, might
happen.  We believe most of the cases agree that the
violation of the law, in order to prevent a recovery in
such cases, must have been the proximate or efficient
cause of the accident.  The difficulty seems to be in
determining what is an efficient or proximate cause of
an injury in any given case.  The proximate cause is
the one which necessarily sets the other causes in oper-
ation.   Justice Dixon, in *Sutton v. Town of Wauwatosa*,
29 Wis. 21, in speaking of the rule of law applicable
to cases like that at bar, and in criticising the Massa-
chusetts cases, says:   "*First*, that one party to the
action, when called upon to answer for the conse-
quences of his own wrongful act done to the other, can-
not allege or reply the separate or distinct wrongful
act of the other, done, not to himself, nor to his injury,
and not necessarily connected with, or leading to, or
causing or producing, the wrongful act complained of;
and, *secondly*, that the fault, want of due care, or negli-
gence on the part of the plaintiff which will preclude
a recovery for the injury complained of, as contribut-
ing to it, must be some act or conduct of the plaintiff
having the relation to that injury of a cause to the
effect produced by it.  Under the operation of the first
principle, the defendant cannot exonerate himself, or
claim immunity from the consequences of his own tor-
tious act, voluntarily or negligently done to the injury

of the plaintiff, on the ground that the plaintiff has been guilty of some other and independent wrong or violation of law. Wrongs or offenses cannot be set off against each other in this way. 'But we should work a confusion of relations, and lend a very doubtful assistance to morality,' say the court in *Mahoney v. Cook*, 26 Pa., St. 349, 'if we should allow one offender against the law, to the injury of another, to set off against the plaintiff that he, too, is a public offender.' Himself guilty of a wrong not dependent on nor caused by that charged against the plaintiff, but arising from his own voluntary act or his neglect, the defendant cannot assume the championship of public rights, nor to prosecute the plaintiff as an offender against the laws of the state, and thus to impose upon him a penalty many times greater than what those laws prescribe." These principles and this reasoning seem to us applicable to the case at bar. There can be no sound reason why one who, while violating the Sunday law, through negligence injures another, should be permitted to shield himself from the wrong committed by charging the injured person with the commission of some other violation of law, which was not the usual or necessary result of the injured party's disregard of the law. Persons thus injured are not, because of their violation of the Sunday law, placed beyond the pale of the protection of the law generally, so as to prevent recovery for injuries negligently inflicted by others, to which the injured party did not contribute.

The rule has been applied in many cases. Thus in a case where an employe of a railway company engaged in his work on Sunday was injured by the negligence of the company. *Railway Co. v. Frawley*, 110 Ind. 18, 9 N. E. Rep. 594, and cases cited. In that case the court said: "The fact that one who sustains an injury by the negligent or wrongful act of another may have

been, at the time of such injury, acting in disobedience
of his collateral obligations to the state, which required
of him the observance of the Sunday laws, will not pre-
vent a recovery from one whose wrongful or negligent
act or omission was the proximate cause of such
injury." As was said in *Railroad Co. v. Dick* (Ky.), 15
S. W. Rep. 665: "There was no such connection
between the doing of the work and the accident that
the latter was likely to result from the former. The
one did not naturally follow the other, and it could not
reasonably be anticipated that it would do so. There
was no necessary, or even probable, tendency from the
one to the other. The same causes would have pro-
duced the same result upon any other day, and the fact
that the accident occurred on Sunday is therefore alto-
gether immaterial in considering the cause of it, or the
question of contributory negligence. All other condi-
tions being the same, the same injury would have hap-
pened upon any other day as well." This language is
peculiarly appropriate in its application to the case at
bar. The accident did not follow as the natural or
necessary result of plaintiff's violation of the Sunday
law. It could not have been reasonably anticipated
that going out hunting on Sunday would result in
plaintiff's being shot. It was at most a possible, and
not a probable, result of the violation of the law. In
*Opsahl v. Judd,* 30 Minn. 126, 14 N. W. Rep. 575, plaint-
iff's intestate took passage on a steamboat for an excur-
sion on Sunday, and was thrown overboard and
drowned. It was claimed that plaintiff could not
recover because deceased was engaged in an unlawful
act, and *particeps criminis* with the defendants in vio-
lating the law. The court said: "His presence did
not (in a proper sense) contribute to or cause the acci-
dent; and in such cases wrongdoers, though amenable
to the state or parties injured by them for their own

acts, are entitled to the protection of the laws against
the wrongful acts or culpable negligence of others."
*Carroll v. Railroad Co.*, 58 N. Y. 136.   In *Knowlton v.
Railway Co.*, 59 Wis. 278 , 18 N. W. Rep. 17, where a
passenger on a street railway on Sunday, was injured
by the starting of the car as he was alighting, the court
said: "The right of plaintiff to recover is not affected
by the fact that he was traveling for pleasure on the
Sabbath day.  He did not thereby become an outlaw,
but was as much within the protection of the law and
was entitled to the same degree of care by the defend-
ant to protect him from injury as though he had post-
poned his ride on the defendant's car until the follow-
ing day."   See *McArthur v. Canal Co.*, 34 Wis. 139.
The case of *Railway Co. v. Buck*, 116 Ind. 566, 19 N. E.
Rep. 453, was one where the action was brought to
recover damages for the killing of an employe of a rail-
road company, who was on Sunday, and when injured,
engaged in his work for the company; and it was held
that recovery might be had of the company.  And see
*Philadelphia, W. & B. R. Co. v. Philadelphia & H. de G.
Steam Towboat Co.*, 23 How. 209.   The rule of the ear-
lier Massachusetts cases was that one traveling on Sun-
day could not recover for injuries received by reason of
defects in the highway; but such holding is contrary to
the great weight of authority.  *Woodman v. Hubbard*,
5 Fost. (N. H.) 67; *Mahoney v. Cook*, 26 Pa. St. 342; *Bige-
low v. Reed*, 51 Me. 325; *Kerwhacker v. Railway Co.*, 3
Ohio St. 172; *Sutton v. Wauwatosa*, 29 Wis. 21; *Black v.
City of Lewiston* (Idaho), 13 Pac. Rep. 80; *Sharp v. Ever-
green Tp.*, 67 Mich. 443, 35 N. W. Rep. 67; 24 Am. & Eng.
Enc. Law, p. 552, note 1.   So, it is now quite generally
held that, notwithstanding Sunday laws, one traveling
on the highway upon the Sabbath, either from neces-
sity, pleasure, or business, and who is injured by a col-
lision with a railway train at a crossing, is not barred
from recovering against the company for its negligence,

by the fact that the injury occurred on Sunday. *Knowlton v. Railway Co.*, 59 Wis. 278, 18 N. W. Rep. 17; *Smith v. Railroad Co.*, 46 N. J. Law, 7; *Carroll v. Railroad Co.*, 58 N. Y. 134; *Sharp v. Evergreen Tp.*, 67 Mich. 443, 35 N. W. Rep. 67; *Van Auken v. Railway Co.* (Mich.), 55 N. W. Rep. 971. The case of *Schmid v. Humphrey*, 48 Iowa, 652, while not one where both parties were violating the Sunday law, still is in principle applicable to the case at bar. It was there said: "Suppose it be said the plaintiff was doing something prohibited by law, but which in no manner concerned the defendant, or disturbed him in any of his rights or privileges; will it do, in such a case, to say that the plaintiff is no longer under the protection of the law, and that the defendant may with impunity, by the use of positive force or through negligence, do him an injury, and that no civil liability is incurred thereby? Can the defendant be permitted to set up as a defense the fact that the plaintiff was doing something prohibited by law, which did not in fact directly contribute to the injury? We think not." In *Tingle v. Railroad Co.*, 60 Iowa, 333, this court held that a railway company incurs no other penalty for running trains on Sunday than the fine imposed by law, and the liability of such company for killing an animal is to be determined by the same rules as if the accident had occurred on a secular day. These cases recognize the rule that the unlawful act, to be available as a defense, must have been the proximate cause of the accident or injury. So, we have held that a mere violation of law will not necessarily constitute negligence. *Vanhorn v. Railroad Co.*, 63 Iowa, 68. Judge Cooley, in his admirable work on Torts, on page 155, and after stating the Massachusetts rule, says: "The cases arising under the Sunday laws must be considered in connection with a familiar principle in the law of civil wrongs,

which, as applied by other courts, would leave them without support. The principle is that, to deprive a party of redress because of his own illegal conduct, the illegality must have contributed to the injury." It follows, then, that, to make good the defense in a case like that at bar, "it must appear that a relation existed between the act or violation of law on the part of the plaintiff, and the injury or accident of which he complains; and the relation must be such as to have caused, or helped to cause, the injury or accident.   *   *   *   It must have been some act, omission, or fault naturally and ordinarily calculated to produce the injury, or from which the injury or accident might naturally and reasonably have been anticipated, under the circumstances." *Sutton v. Town of Wauwatosu*, 29 Wis. 28. We do not think the facts pleaded as a defense in the third division of the answer show that the violation of the Sunday law by plaintiff was either naturally or ordinarily calculated to produce the injury, nor is it made to appear that from such illegal act alone the injury should have reasonably been anticipated. Men go hunting every day, and no one reasonably anticipates that, as a result, one will negligently shoot the other. As we have already indicated, the result was not to be expected from the act of going hunting on the Sabbath day. It was a result which, under other like circumstances, would be as likely to happen on any other day. We are unable to discover, on principle, any sound reason for holding that plaintiff should be deprived of the usual remedy given him by law for the injury sustained by the negligent act of another, because he and the other person were both violating the law, when it is clear that the violation of the law has no causative connection with the injury complained of, and plaintiff in no way contributed to the injury of which he complains. The demurrer was properly sustained.—*Affirmed*.