GABBERT, Respondent, vs. HACKETT, Receiver, Appellant.

*February 20—March 10, 1908.*

*Street railway: Passenger: Free transportation: Contributory illegality: License: Trespasser: Failure to pay fare.*

1. Pursuant to an ordinance under which defendant operated, providing free transportation for police officers, defendant was accustomed to permit such persons to ride without charge. Plaintiff, a policeman, boarded defendant's car believing he had a right to ride and was accepted by defendant under such belief. While so riding he was injured by defendant's negligence. He neither tendered nor paid fare, nor was any requested. Sec. 11, art. XIII, Const., and ch. 357, Laws of 1899, prohibit granting free transportation. *Held* that, even assuming that no valid contract existed between the parties, plaintiff, by the defendant's acceptance of him pursuant to its custom, became a passenger, and the trial court committed no error in so ruling as a matter of law.

2. The mere fact that plaintiff was permitted to ride free, contrary to constitutional and statutory prohibitions, does not prevent a recovery for defendant's negligence, since such illegality has no causal relation to the injury.

3. The failure by a person riding on a street car to pay fare does not deprive him of his rights as a passenger and convert his relation to the carrier into that of a mere licensee.

4. One entering a street car for passage with the consent of the company and never refusing to pay his fare is not a trespasser.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This action was brought to recover for injuries alleged to have been sustained by plaintiff while a passenger upon the street railway of the Winnebago Traction Company, a corporation, which afterwards passed into the hands of *R. H. Hackett,* receiver, defendant and appellant. The ordinance under which the street railway was operated was passed in 1897 and contained the provision that free transportation, subject to the rules of the company, should be granted to police officers when in uniform. The plaintiff was a police officer at the time of his injury, December 18, 1906. He boarded the car at the time in question, but tendered or paid no fare. The issues involved upon the trial were whether the defendant exercised proper care, whether plaintiff was a passenger, licensee, or trespasser, and whether he was guilty of contributory negligence. The jury returned the following verdict:

"(1) Did the agents and servants of the defendant, under the circumstances attending the accident, exercise the highest degree of care reasonably to be expected from human vigilance and foresight in view of the mode and character of the conveyance adopted and consistent with the practical prosecution of their business? *A.* No. (2) If you answer the above question 'No,' then was such want of care the proximate cause of plaintiff's injury? *A.* Yes. (3) Did plaintiff push down the scraper handle before he was injured? *A.* No. (4) Did want of ordinary care and prudence on the part of the plaintiff contribute to produce his said injury? *A.* No. (5) If plaintiff is entitled to recover, at what sum do you assess his damages? *A.* $350."

The appellant objected to the first question of the special verdict proposed by the court, and asked that there be submitted in lieu thereof the following: "Did the defendant exercise ordinary care and prudence in the repair and operation of its car at the time of the injury to the plaintiff?" which

was refused and appellant excepted, and also excepted to the submission of the first question of the special verdict. Counsel for appellant excepted to the refusal of the court to give several requests to charge, and among other parts of the charge excepted to the following:

"The plaintiff at the time he sustained the injury complained of was lawfully upon defendant's passenger car, and the relation of passenger and carrier existed at the time of the accident."

Motions for judgment in favor of the defendant on the verdict and for a new trial were denied and due exceptions taken, and judgment rendered in favor of the plaintiff on the verdict, from which this appeal was taken.

For the appellant there was a brief by *Weed & Hollister,* attorneys, and *Charles Barber* and *A. E. Thompson,* of counsel, and oral argument by *H. I. Weed.*

For the respondent there was a brief by *Bouck & Hilton* and *John F. Kluwin,* and oral argument by *Mr. Kluwin.*

KERWIN, J.   It is conceded that the controlling question on this appeal raised by the assignments of error is whether the relation of the plaintiff to the traction company was such as to entitle him to that high degree of care due from the carrier to the passenger.   This question was sharply raised by the special verdict and portion of the charge set out in the statement of facts.

It is claimed by appellant that the plaintiff was not a passenger, and therefore error was committed in submitting the case to the jury upon that theory.   It is insisted that the court erred in taking from the jury the question of the status of plaintiff as to whether or not he was a passenger and applying the strict rule of liability due from a common carrier to a passenger.   The testimony shows that the plaintiff entered the car intending to ride free under a provision of the ordinance passed in 1897, granting the franchise to operate

the street railway, to the effect that free transportation should be furnished members of the police force and firemen in going to a fire, subject to rules and regulations to be established by the traction company. Respondent claims that this provision of the ordinance continues in force regardless of the constitutional amendment, namely, art. XIII, sec. 11, prohibiting the granting of free transportation, and the act of the legislature of Wisconsin, ch. 357, Laws of 1899, which contains substantially the same prohibition as in the constitutional amendment.

Assuming, without deciding, that the ordinance has no force or effect as against the constitutional amendment and act of the legislature passed subsequent to the passage of the ordinance, we approach the question whether plaintiff was a passenger in the sense that he was entitled to the high degree of care which the court below accorded him in submitting the case to the jury. It is insisted on the part of the appellant that he was not, because, being guilty of wrongdoing in riding contrary to law, he was a trespasser or a mere licensee, therefore the relation of carrier and passenger did not exist, since that relation is created by contract, express or implied, and that there could be no contract in violation of law. There can be no doubt the general rule is that the relation of passenger and carrier exists by contract, and that a long line of authority might be cited in support of this doctrine. There are many well considered cases holding that where the relation of passenger and carrier is attempted to be entered into by fraud or an illegal contract the relation is not created, and the high degree of care due from the carrier to the passenger does not exist, because the contract is not established. It is not easy to reconcile the authorities as to whether or not in all cases it is necessary, in order to establish the status of passenger, to show a valid contract relation between the carrier and the passenger. But the great weight of authority appears to be that it is necessary to establish such contract

relation, while other cases appear to turn upon the duty imposed upon the carrier by.law to exercise the high degree of care regardless of the existence of a valid contract relation. The contention of counsel for appellant here is that the relation existing between plaintiff and the carrier was in contravention of law and therefore no contract existed; hence plaintiff was not a passenger, but a mere trespasser or licensee. Under this head we are cited by counsel for appellant to cases where this and other courts have held that courts will not enforce contracts made in violation of law, or relieve parties from the burdens imposed by such unlawful undertakings, but will leave them where their unlawful engagements place them.

It is established by the evidence without dispute that the plaintiff was a police officer and boarded the car for the purpose of taking passage thereon, that he paid no fare nor was requested to do so, but was permitted to ride because of a custom put into effect by the company, presumably pursuant to the provisions of the 1897 ordinance, in which it was provided that the traction company should transport the police officers and firemen under rules and regulations to be established by the company. Conceding, therefore, as we do without deciding, that the ordinance in so far as it conflicts with the legislation above referred to respecting free transportation was abrogated, the question arises whether plaintiff was entitled to the degree of care due a passenger or was a mere trespasser or licensee. He could not be regarded a trespasser, because he entered and took passage by consent of the company and never refused to pay fare. *Buffalo, P. & W. R. Co. v. O'Hara,* 9 Am. & Eng. R. R. Cases, 318. Nor does the failure to pay fare deprive a person of his rights as a passenger and convert his relation to the carrier into that of a mere licensee. *Cleveland, C., C. & St. L. R. Co. v. Ketcham,* 133 Ind. 346, 33 N. E. 116; *Hurt v. Southern R. Co.* 40 Miss. 391; *Muehlhausen v. St. Louis R. Co.* 91 Mo. 332, 2

S. W. 315; *Rose v. Des Moines V. R. Co.* 39 Iowa, 246; 5 Am. & Eng. Ency. of Law (2d ed.) 507; Shearm. & Redf. Neg. (5th ed.) § 491; *Todd v. O. C. & F. R. R. Co.* 3 Allen, 18; *Wilton v. Middlesex R. Co.* 107 Mass. 108; *Jacobus v. St. Paul & C. R. Co.* 20 Minn. 125 (Gil. 110); *Phila. & R. R. Co. v. Derby,* 14 How. 468; *Steamboat New World v. King,* 16 How. 469.

Even though a custom existed permitting police officers to ride free, this would not deprive them of their rights as passengers, since the agents in charge, in the absence of a valid contract to the contrary, would have the right to collect fare. The fact that plaintiff and the agents in charge of the car understood that he had a right by custom or otherwise to ride free did not alter the relation existing between the traction company and plaintiff when he took passage on the car or deprive him of the rights of a passenger. *Buffalo, P. & W. R. Co. v. O'Hara, supra;* 5 Am. & Eng. Ency. of Law (2d ed.) 507, 508; *Bradburn v. Whatcom Co. R. & L. Co.* (Wash.) 88 Pac. 1020; *McNeill v. Railroad Co.* 135 N. C. 682, 47 S. E. 765. In the case last cited the plaintiff was riding on a pass issued contrary to law, and it was held that he was entitled to recover on the ground that the rights, privileges, and protection attaching to the relation of a passenger are imposed by law upon common carriers on consideration of public policy and arise from the nature of their public employment, and that a gratuitous passenger is not *in pari delicto* with the common carrier. The subject is very exhaustively discussed and a long line of authorities cited and considered.

In the case before us it is established that plaintiff in good faith entered the car for passage believing he had a right to ride free. We assume in this opinion that no valid contract existed entitling plaintiff to ride without paying fare, but that he simply rests his case upon the proposition that he entered the car as a passenger and occupied that

status and was entitled to protection as such. This court has ruled that the mere fact that a party was a wrongdoer, violating a statute at the time of injury, would not prevent a recovery upon proof of defendant's negligence. *Sutton v. Wauwatosa,* 29 Wis. 21; *McArthur v. G. B. & M. C. Co.* 34 Wis. 139. In *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278, 18 N. W. 17, it was held that the fact that a person was traveling for pleasure on Sunday does not affect his right to recover for an injury received on a street railway. At pages 281, 282 (18 N. W. 18) the court said:

"The right of the plaintiff to recover is not affected by the fact that he was traveling for pleasure on the Sabbath day. He did not thereby become an outlaw, but was as much within the protection of the law, and was entitled to the same degree of care by the defendant to protect him from injury, as though he had postponed his ride on the defendant's car until the following day."

In *Opsahl v. Judd,* 30 Minn. 126, 14 N. W. 575, it was held that the fact that a person was a passenger in violation of the Sunday law would not prevent recovery. At page 128 (14 N. W. 576) the court said:

"It is further contended that the deceased was, by accepting passage upon the steamboat, engaged in an unlawful act, and was *parliceps criminis* with the defendants and their agents in violating the Sunday law. It is a sufficient answer to this objection that the defendants on that day occupied the relation of common carrier of passengers, and their general obligation to use such care and diligence as the law enjoins is not limited by the contract with the passengers, nor with the person who engaged the use of the boat and the services of the crew for that day, but is governed by considerations of public policy. That the undertaking was unlawful does not touch the question."

In *Carroll v. Staten I. R. Co.* 58 N. Y. 126, the plaintiff on Sunday went on board a ferryboat for passage, but before the boat left the dock an explosion occurred and plaintiff was injured. It was insisted that he could not recover be-

cause at the time of injury he was engaged in an unlawful
act, namely, traveling on Sunday in violation of the statute.
At page 133 the court said:

"The gravamen of the action is the breach of the duty im-
posed by law upon the carrier of passengers to carry safely, so
far as human skill and foresight can go, the persons it under-
takes to carry. This duty exists independently of contract,
and although there is no contract in a legal sense between the
parties. Whether there is a contract to carry, or the service
undertaken is gratuitous, an action on the case lies against
the carrier for a negligent injury to a passenger. The law
raises the duty out of regard for human life, and for the pur-
pose of securing the utmost vigilance by carriers in protecting
those who have committed themselves to their hands."

In *Delaware, L. & W. R. Co. v. Trautwein,* 52 N. J. Law,
169, 19 Atl. 178, the plaintiff was traveling as a passenger
under contract made on Sunday contrary to law, and it was
held that the duty of a common carrier to carry safely is
independent of contract, that it is a duty imposed by law
from considerations of public policy, and arises from the fact
that the persons are received in the course of the business of
such employment; and, further, that the plaintiff's violation
of the Sunday law was not in a legal sense the cause of her
injury, but only an occasion for the injury by the defendant's
wrongful act, hence her wrongdoing did not contribute to the
injury so as to deprive her of her right of action.

We think upon the established facts in this case the court
below was right in holding as matter of law that plaintiff was
a passenger and in submitting the case to the jury upon that
theory. We have carefully examined the errors assigned and
think no reversible error was committed upon the trial, there-
fore the judgment below must be affirmed.

*By the Court.*—Judgment affirmed.

MARSHALL, J. (*concurring*). My own position and that
of the court, as I understand it, may be briefly stated thus:
Whether the ordinance, which on the occasion in question

both appellant and respondent supposed entitled the latter to ride upon the car, conferred such right or not is immaterial to this case. If it did confer such right then respondent rode under a valid contract, otherwise he rode under an invalid contract. In either case he was neither a trespasser nor a mere licensee. There was a contract valid or invalid pursuant to which he took the passage. The action is not upon such contract, and its invalidity, if such invalidity exists, had no causal relation with the injury. In that situation the question of whether appellant owed the same duty to respondent in case the contract were valid as it did in case such contract were not valid is ruled in the affirmative by *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278, 18 N. W. 17, and numerous cases in other jurisdictions cited in the court's opinion.

WINSLOW, C. J., concurs in the foregoing opinion.