Derr, Appellant, vs. Chicago, Milwaukee & St. Paul
Railway Company, Respondent.

*April 13—May 2, 1916.*

*Railroads: Collision at crossing: Contributory negligence: Absence of
flagman: Driving unlicensed automobile: Violation of law, when
precludes recovery: Proximate cause.*

1. Whether or not the driver of an automobile which was struck by a
train while crossing the tracks of a railroad was guilty of con-
tributory negligence is *held* to have been a question for the jury,
there being evidence showing that there were obstructions to the
driver's view of the approaching train, and the evidence being
conflicting as to the rate of speed at which he was driving, as to
his looking and listening for an approaching train, and as to the
absence from the crossing of a flagman who was customarily sta-
tioned there and upon whom the driver, as he testified, relied for
warning of danger.

2. The fact that an automobile which was struck by a train had not
been registered for the current year and was being driven in vio-
lation of sec. 1636—47, Stats., does not preclude a recovery for
the injuries to the car and the driver, such violation of the law
having no causal relation to the accident.

Appeal from a judgment of the circuit court for La
Crosse county: E. C. Higbee, Circuit Judge. *Reversed.*

The action is brought to recover damages for injury to the
person and property of the plaintiff, resulting from a col-
lision between one of defendant's trains and plaintiff's auto-
mobile.

Caledonia street runs north and south through the city of
La Crosse and is crossed by seven parallel railroad tracks of
defendant. On January 30, 1915, at about 9:30 o'clock in
the evening, the plaintiff was driving his car north along
Caledonia street toward this crossing. He testifies that he
looked out for trains as he approached; that the view of the
track to the east of the crossing is obstructed by a bank, some
buildings, a fence, some shrubbery, and trees; that the de-
fendant maintained a flagman and crossing gates at this grade

crossing and that he had knowledge of this fact and relied thereon. As plaintiff approached this crossing a train crew was pushing a loaded freight train ahead of an engine toward this same crossing from an easterly direction. The engine pushing the train was two blocks or more east of the crossing in question when the first car arrived on it. The jury found that no warning or signal of the approach of the train was given. The plaintiff testified that he looked for the flagman, but he was not in sight, and that after sounding his electric horn and receiving no warning he started to cross the tracks and was struck by the first car of this train which approached from the east.

The court submitted a special verdict and the jury in effect found (1) that the string of cars which struck plaintiff did not approach at a speed exceeding twelve miles an hour and that the crew in charge of the train was not wanting in ordinary care in stopping the train after discovering the peril of the plaintiff; (2) that defendant had kept and maintained a flagman at this crossing for a considerable time prior to the accident and that the plaintiff was acquainted with this fact; (3) that the flagman was absent from the crossing at the time of the accident and hence failed to signal plaintiff not to cross; (4) that such failure of the flagman to warn plaintiff and the absence of the flagman constituted a want of ordinary care on the part of defendant; (5) that the negligence of defendant in not having the flagman at the crossing and in failing to warn plaintiff of the approaching cars proximately caused the injury to plaintiff and his automobile; (6) that plaintiff was not guilty of negligence nor of gross negligence contributing to his injury; and (7) that plaintiff suffered damages in the sum of $900.

At the time of the accident the plaintiff was still driving his automobile under his 1914 registration number and had not as yet applied for or obtained a license or registration number for 1915.

The trial court decided that upon the conceded fact that plaintiff had made no application for a license as provided by sec. 1636—47, Stats., he was guilty of contributory negligence as a matter of law in driving his unlicensed motor car on the street, and changed the answer of the jury to the question on contributory negligence and directed an answer to the effect that plaintiff was guilty of a want of ordinary care which contributed to his injury. Upon the verdict as amended judgment was entered for the defendant dismissing the plaintiff's complaint with costs. From such judgment this appeal is taken.

*Jesse E. Higbee,* for the appellant.

For the respondent there were briefs by *Paul W. Mahoney, C. H. Van Alstine,* and *H. J. Killilea,* and oral argument by *Mr. Mahoney.*

SIEBECKER, J. The defendant contends that upon the evidence adduced the plaintiff was, as a matter of law, guilty of contributory negligence which precludes his recovering in the case. It is urged that the evidence shows that plaintiff, as he approached and passed the crossing, omitted to exercise ordinary care in failing to look and listen for approaching trains and in driving his car at an unlawful and dangerous rate of speed. An examination of the record discloses a sharp conflict in the evidence on the question of the rate of speed he was driving while approaching and crossing the railroad. The evidence of speed in this case necessarily rests on the opinion of the witnesses in estimating the speed of plaintiff's car from their observation under all the surrounding conditions. The character and nature of the evidence on this point permits of conflicting inferences as to this question and hence it was one within the province of the jury for determination. The trial court upon review of this evidence was of the opinion that it presented a jury question. We consider that this ruling cannot be disturbed by this court.

It is strenuously urged that plaintiff approached the track without looking and listening for the approaching cars and that had he done so he would, in the exercise of reasonable care, have seen the cars in time to have avoided the collision. This claim of the defendant involved consideration of the facts and circumstances respecting the maintenance of a flag-man at this crossing and plaintiff's knowledge thereof. If the facts are that such a flagman customarily signaled to approaching travelers to protect them against existing dangers of approaching cars and trains and plaintiff knew this and relied on the absence of such signal when he approached the crossing as indicating that no car or train was approaching, then plaintiff's conduct as to looking and listening for moving cars while approaching the crossing must be considered in the light of these circumstances. The court declared in *Burns v. North Chicago R. M. Co.* 65 Wis. 312, 27 N. W. 43, that:

"The traveler might in this way be lured into danger, when, if no flagman had ever been kept there, he would not have looked for such a signal, but would have looked and listened for other signs of an approaching train. We cannot but approve of the authorities . . . , which hold that the withdrawal of a flagman from a crossing where he is usually kept to signal approaching travelers, is negligence."

The trial court in speaking of the defendant's claim that the evidence does not justify the jury's findings on the issues submitted to the jury respecting the maintenance and the presence of a flagman at the crossing correctly states the situation presented by the facts:

"It was undisputed that the company did and for some time prior to the accident had maintained a flagman, and the question submitted was whether or not he was present and attending to his duties at and immediately prior to the happening of the accident."

The evidence is in dispute as to the flagman's presence and to his giving the required signal to plaintiff, and it was therefore for the jury to determine this issue. There is also evi-

dence tending to show that plaintiff's view of the approaching cars from the east, as he approached from the south, was obstructed by a bank, buildings, shrubbery, and trees.    Upon a consideration of all the facts and circumstances of the case, showing the way and manner plaintiff approached the crossing and drove his car, we consider that the trial court properly submitted the questions of plaintiff's contributory negligence to the jury and their verdict cannot be disturbed.

The court, however, set aside the finding of the jury on this issue upon the ground that plaintiff had obtained no license to operate his car on the highways of the state.    Sec. 1636—47, Stats., provides:

"No automobile . . . shall be operated . . . or driven along or upon any public highway of the state, unless the same shall have been registered or application for the registration of the same shall have been made and forwarded to the secretary of state accompanied by the requisite fee therefor in accordance with the provisions of sections 1636—47 to 1636—57."

The trial court followed the adjudications of the Massachusetts court on this subject, which are to the effect that the driving of an unregistered automobile on the highways in violation of law precludes a person from recovering for injuries, upon the ground that such unauthorized use of the highway is a trespass and puts the trespasser beyond the protection the law affords to persons lawfully traveling on the highways.    In *Dudley v. Northampton St. R. Co.* 202 Mass. 443, 89 N. E. 25, the court says that the legislature ". . . intended to outlaw unregistered machines, and to give them, as to persons lawfully using the highways, no other right than that of being exempt from reckless, wanton, or wilful injury."    And further, "The real question here is doubtless whether the legislature has created a duty to other travelers upon the highways, or merely a public duty to be enforced in the ordinary administration of the criminal law, while civil rights and liabilities are left to be governed by the general

rules which are applicable in such cases, between parties one of whom has been guilty of a violation of law." Plaintiff's counsel contends that this court has expressly repudiated this doctrine of the Massachusetts court in *Sutton v. Wauwatosa,* 29 Wis. 21, and subsequent cases. See *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278, 18 N. W. 17; *Gabbert v. Hackett,* 135 Wis. 86, 115 N. W. 345; and *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190. In the *Sutton Case* this court was urged to follow the Massachusetts doctrine in cases where persons were injured while traveling on highways in violation of the law prohibiting such travel on Sunday. The court, however, rejected that doctrine and held that "The fact that plaintiff, at the time he suffered injuries to his person or property from the negligence of defendant, was doing some unlawful act, will not prevent a recovery, unless the act was of such a character as would naturally tend to produce the injury." The court stated:

"The fact that the traveler may be violating this law of the state, has no natural or necessary tendency to cause the injury which may happen to him from the defect. All other conditions and circumstances remaining the same, the same accident or injury would have happened on any other day as well. The same natural causes would have produced the same result on any other day, and the time of the accident or injury, as that it was on Sunday, is wholly immaterial so far as the cause of it or the question of contributory negligence is concerned."

This reasoning is applicable to the case at bar. The fact that plaintiff was driving an unregistered car in violation of the law at the time of collision had no causal relation to the happening of the accident. Obviously under all the conditions and circumstances of this case the same result would have followed if plaintiff's car had been registered as required by law. The doctrine of the *Sutton Case* was followed in principle in *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190, which dealt with that part of the statutes embraced in secs. 1636—47 to 1636—57, prescribing a penalty for

driving automobiles in cities at a rate of speed in excess of the prescribed limit.    It was there declared:

"Such regulations are not intended to abrogate the duties of travelers recognized by the common law for their mutual safety and leaves them subject to its accepted rules of ordinary care and the duties that spring from their relations as travelers on a public highway."

We find nothing in these statutes to indicate that the legislature intended to deprive a person who is injured while driving an unregistered car on a highway of the protection of the law that is accorded to other travelers under the same circumstances.    To bar such an injured person from invoking his rights of a traveler on the highway it must appear that his violation of the law was a proximate cause of the injury suffered.    No such relationship exists here.    The plaintiff's violation of law had no proximate causal relation to the accident, as defined in the law of negligence, and hence in no way contributed to cause the injury.    In *Armstead v. Lounsberry,* 129 Minn. 34, 151 N. W. 542, the supreme court of Minnesota holds that the driving of an unregistered automobile in violation of a statute similar in its provisions to those involved here, does not in itself bar the right to a recovery for injuries proximately caused by the negligence of another.    Among the decisions of other courts to the same effect are the following: *Armstrong v. Sellers,* 182 Ala. 582, 62 South. 28; *Lockridge v. M. & St. L. R. Co.* 161 Iowa, 74, 140 N. W. 834; *Hemming v. New Haven,* 82 Conn. 661, 74 Atl. 892; and *Atlantic C. L. R. Co. v. Weir,* 63 Fla. 74, 58 South. 641.    It is considered that the trial court erred in changing the answer of the jury to the question on contributory negligence and that the verdict of the jury must stand.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the circuit court with direction to the court to restore the jury's answer to question 13 of the special verdict and to award judgment in plaintiff's favor upon the verdict as rendered by the jury.