JOSEPH F. HURT *v.* SOUTHERN RAILROAD CO.

1. PLEADINGS: MOTION TO STRIKE OUT IRRELEVANT AND REDUNDANT MATTER: CASE IN JUDGMENT.—Irrelevant and redundant matter in pleading should be stricken out on motion, and does not invalidate matters of substance, properly stated. Plaintiff in error, in his amended declaration, " avers all things complained of in his original declaration, which is necessary to be averred, and in addition and amendment thereto, etc." Held—That this was surplusage, should have been stricken out on motion, and did not invalidate matters of substance.

2. COMMON CARRIERS: RIGHT TO DEMAND OF PASSENGERS PREPAYMENT OF FARE.— Common carriers have the right to demand of passengers, applying for transportation, prepayment of fare ; if payment in advance is not demanded, they must rely on the integrity and responsibility of the passengers, or their lien on their baggage.

3. COMMON CARRIERS: LIABILITY OF, FOR INJURIES TO "DEAD-HEADS."—Common carriers are responsible for injuries to passengers, who are received as passengers by the assent of the carrier, whether they pay their fare or not.

4. INFANTS MAY SUE BY GUARDIAN, OR NEXT FRIEND.—Infant may sue either by guardian, or next friend who is not his guardian.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

*Potter* and *J. L. Hargroves* for plaintiff in error, cited fol-

lowing authorities : 1 American Railway Cases, 126, 127, 129, 109 ; 36 Miss. 660 ; Edward's Bailments, 577, 580 ; Chitty on Carriers, 390 (393), 337 (245) ; 23 Penn. R. 147, 150 ; 32 Penn. R. 295.

*W.* and *J. R. Yerger*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

The original pleadings in this case are exceedingly objectionable. Instead of a " *declaration*," concise in language and substantial in matter, stating the facts constituting each cause of action, in distinct counts, without formality, the plaintiff files, what he aptly denominates in the record, " a bill of complaint," of his supposed several grievances, without regard to the object and end of pleading. On this confused and irregular statement, the defendant could not properly take issue. It is remarkable that the defendant's demurrer to this paper, consisting of ten special causes, and occupying nearly four pages of this record, does not present a single cause for which the demurrer could have been legally sustained.

There is nothing in our code, so altering or abolishing the substantial requisites of pleading, as to sanction in the remotest degree such gross inaccuracy and carelessness. While technical forms are abolished, the matters of substance, which they were designed to present to courts and juries, are wisely preserved, and required to be presented " in ordinary and concise language, without repetition." The courts, the country, counsel, and clients, are alike interested in the proper enforcement of these substantial requisites of pleading. The expense, delay, confusion, and unnecessary consumption of time, everywhere occasioned by the neglect of these rules, leaving out of view the injuries often resulting therefrom to the parties, in the loss of substantial rights, demand a strict observance of the few simple and necessary rules existing on this subject.

We shall not further notice the original pleading, but will proceed to examine the cause of action stated in the amended declaration on the demurrer thereto.

The first cause of ⟨  ⟩ .. .ror relied on was, that plaintiff, in his amended complaint rs all things complained of in his original complaint file · `   *` which is necessary to be averred, and in addition an · amendment thereto," files his amended declaration, without stating them, and defendant cannot take issue upon them.

In reference to this anomalous averment in the amended declaration, it is sufficient to say, that it was irrelevant and redundant matter, which should have been stricken out on motion, but it does not invalidate the matters properly stated, and is to be treated as surplusage.

The second cause of demurrer is, that the plaintiff does not show that he was rightfully on the cars, or that he paid his passage to any agent of defendant.

The declaration avers on this subject, that defendant was a common carrier of passengers, for pay, from Jackson to Brandon, and that plaintiff paid the price demanded for his passage, etc.; requested the conductor (defendant's agent) to stop the train at Bibb's station to let him get off, which the conductor then and there agreed to do. This averment sufficiently states the plaintiff's right, and the defendant's obligation in this respect. For even if it were true that this averment does not show that the money was then and there paid to *defendant's agent*, at the time of his promise to stop the train at Bibb's station and let the plaintiff get off, still the declaration shows that plaintiff was on the train by defendant's consent, and under an express agreement to land him at Bibb's station. If he had not paid, he was liable to pay, and the agreement of defendant to stop at his station and let him get out there, was obligatory until a refusal to pay on demand is shown. Common carriers have a right to demand prepayment of fare. If they do not demand payment in advance, they must be presumed to rely on their lien on passengers' baggage, or on their integrity and responsibility. Edwards on Bailments, pages 577, 580.

The assent of defendant to plaintiff's application to go on his cars to Bibb's station entitled plaintiff to go, and he thereby became rightfully a passenger upon such assent, whether he

had paid his fare or not, and was in no default until it is shown that upon demand made he refused to pay.

The third ground of demurrer relied on was that the declaration did not show that plaintiff became a passenger, by virtue of any special contract with the conductor, and it did not set out any general undertaking, and for aught that appears, the contract was made with a stranger, etc.

This cause of demurrer is disposed of by the views presented on the previous ground, showing that without pre-payment the agreement, relied on in this declaration, to land plaintiff at Bibb's station, was a binding contract on defendant, under the circumstances stated. Independent, however, of any special contract, plaintiff had a right to get on the train and travel on it, and was in no default until payment was demanded of him and refused; and the defendants' liabilities as common carriers under such circumstances, until demand made, would be precisely the same as though pre-payment had been made.

The fourth cause of demurrer was that the court had no jurisdiction of the case. This ground cannot avail the plaintiff on demurrer here. By the Code, page 492, article 87, it is not necessary to state any venue in the declaration, and none is here stated; nor does it appear that the defendant has any "principal place of business," or when the injury was committed. These are facts which the court cannot judicially know. The objection that the defendant has been sued in the wrong county cannot, therefore, be reached in this case by demurrer.

The last cause of demurrer was that the plaintiff, an infant, who sues by his next friend, does not show that he had no guardian at law.

The suit, in that respect, is properly brought. "He may sue either by his guardian or *prochein ami*, his next friend, who is not his guardian." Blackstone's Com., volume 1, page 464, and notes.

The court below having sustained this demurrer, and rendered judgment in favor of defendants thereon, it follows from these views, that the judgment must be reversed, demurrer overruled, and cause remanded for further proceedings.