SUPREME RULING OF THE FRATERNAL MYSTIC CIRCLE *v.*
STEVE HENRY TURNER.

[62 South. 497.]

1. INSURANCE. *Mutual benefit insurance. Pleading. Striking out.
Contract. Constitution and By-laws. Evidence. Code 1906, sections* 2636, 2637 and 762.

Under section 762, Code 1906, providing that irrelevant matter inserted in pleading may be stricken out on motion of any party, it is proper to strike out parts of the special notice under the general issue, to facilitate the progress of a cause by removing from the pleadings irrelevant matters.

2. MUTUAL BENEFIT INSURANCE. *Contract. Code* 1906, *section* 2636. *Evidence.*

In a suit to recover of a foreign insurance company the amount of a benefit certificate, under Code 1906, section 2636 so providing, the insurance company cannot present as a defense any violation of its laws or regulations by the insured, unless it shows that such laws and regulations have been duly filed with the commissioner of insurance.

3. SAME.

In such case an insurance company being a foreign corporation, organized under the laws of another state, and not being incorporated under the laws of this State, is not exempt by section 2637, Code 1906, from the provisions of section 2636, Code 1906.

4. SAME.

In a suit on a benefit insurance certificate a recitation in the declaration that the insurance company is "a foreign corporation, duly organized and existing under and by virtue of the laws of another state, and transacting business in the State of Mississippi as a life insurance association, having complied with the laws of said state, and licensed thereby to that end" will not relieve such company from proving that its charter, constitution and by-laws were duly filed with the insurance commissioner as required by section 2636, Code 1906, where such insurance company seeks to use as a defense any violation of or failure to comply with any of its by-laws or regulations.

5. MUTUAL BENEFIT INSURANCE.  *Evidence.*

> The testimony of a deputy chancery clerk that a supplemental
> statement showing the insurance companies doing business in
> Mississippi, had been sent him by the State auditor, was not
> proper proof of the filing of the charter, by-laws, rules and
> regulations as required by section 2636, Code 1906.

APPEAL from the circuit court of Itawamba county.
HON. J. H. MITCHELL, Judge.

Suit by Steve Henry Turner against the Supreme Ruling of the Fraternal Mystic Circle.  From a judgment for plaintiff, defendant appeals.  See 60 So. 75.

The facts are fully stated in the opinion of the court.

*Cutrer & Johnston,* for the appellant.

There is no question but that fatal error has been committed in this case.

The defense presented by the pleadings stricken from the file and which were amply supported by the evidence which was excluded, were good in law, and if they had been submitted to the jury, should have resulted in a verdict for the appellant.

We do not deem it essential at this time to discuss at length the several questions of law presented by the rulings of the court complained of.  They will be fully considered on another trial of this case.  It would appear clear, however, from a casual consideration of them, that the position we take is well taken.

It is held generally that the fraternal regulation that the claimant must present a controverted claim to the proper tribunal of the order for determination, is a reasonable one, and the failure on the part of the appellee to do this precluded a recovery by the appellee.

A by-law requiring an appeal to the governing body of the association in case of a decision by subordinate officers adverse to the claimant, is reasonable and valid. *Supreme Council* v. *Forsinger,* 21 A. S. R. 196; 45 A. S. R. 400.

Members of a mutual benefit association are presumed to know the charter and by-law provisions and to contract with reference thereto, though they are not referred to in the certificate. *United Order of Golden Cross* v. *Hooser,* 49 So. Rep. 354.

The same is true as to the defense of death resulting in consequence of a violation of law. This is sound and maintainable.

For instance, a policy stipulated that it should be void if assured should die, "in, or in consequence of the violation of laws." The assured, A and one B, planned an assault on one C; B seized and held C while A beat him. C drew a pistol and while A was running away the pistol was discharged and A killed. Held that, whether the discharge of the pistol was intentional or accidental, the policy was rendered void. *Murray* v. *N. Y. Life Ins. Co.,* 96 N. Y. 614; 48 A. R. 658.

Again: A policy provided that it should become forfeited if assured should die "by reason of intemperance," or in "known violation of the laws" of the states of the United States. The assured, while drunk, committed an assault and battery on a married women, and while so engaged, was killed by her husband. Held, that the policy was forfeited. *Bloom* v. *Franklin Life Ins. Co.,* 97 Ind. 478, 49 A. R. 469.

In another case a policy provided, "if the assured shall die by suicide, or in consequence of the violation of any law, or shall be convicted of any felony." Assured was killed while committing an unprovoked assault on another, under circumstances rendering the killing justifiable homicide. Held, there could be no recovery although the crime may have been beneath the grade of a felony. *Wolff* v. *Com. Mutual Life Ins. Co.,* 5 Mo. App., 236; *Conboy* v. *Association,* 60 A. S. R. 154, and note; see, also, *Planters.Ins. Co.* v. *Myers,* 55 Miss. 479.

The rule announced by the authorities on this point is in accord not only with the weight of authority, but is sound in morals as well.

The deceased warranted in his application and according to the constitution and laws of the appellant and contracted that the use of drugs or alcoholic drinks would render the certificate void. This contract and warranty were binding on the appellee. *Davey* v. *Aetna Life Ins. Co.*, 20 Fed. Rep. 482; *Mutual Life Ins. Co.* v. *Thompson*, 22 S. W. 87; *Hartwell* v. *Ala. Gold Life Ins. Co.*, 39 A. R. 294; *Mutual Ben. Life Ins. Co.* v. *Godfrey*, 2 Cin. Rep. 379; *Co-op. Life Assn.* v. *LeFlore*, 53 Miss. 1; *Fidelity, etc., Co.* v. *Miazza*, 93 Miss. 18.

The court refused so to instruct the jury. For instruction number one for the plaintiff shown on page 213 of the record that the jury should find for plaintiff if they believed Wilson Powell Turner was a member in good standing . . . "unless the jury further believe from the preponderance of the testimony that the deceased, before the time of his application, was addicted to the excessive use of alcoholic, vinous or malt liquors, or that the answers of the deceased to the medical examiner were false and untrue."

We submit that this instruction violates the terms of the contract of insurance, and absolutely ignores the warranties contained in the contract, which were binding on appellee. Deceased had contracted that the use of drugs or alcoholic drinks should avoid the policy, "of the practice of any pernicious habit to such an extent as to injure my health . . . shall render any certificate issued hereon null and void." While this court, in the case of *Fidelity, etc., Co.* v. *Miazza*, 93 Miss. 18, has held that untrue answers to immaterial matters will not operate to avoid a policy of life insurance, still the lower court far overstepped the terms of this contract when it ruled that the use of alcoholic, etc., drinks must be "excessive," in order to avoid the policy. So to hold would be, in effect, to make a contract by judicial construction which had never been made between the parties.

It is urged upon the attention of the court that the verdict of the jury on the erroneous theory upon which the

case was submitted to them, was manifestly wrong; that it was and is contrary to the great and preponderant weight of the evidence; and that there is sufficient cause for that reason to reverse the judgment of the lower court. On the whole case it is submitted, that justice according to the showing made by this record can be done only by reversing the judgment of the court below and remanding the case for a new trial.

*Anderson & Long,* for appellee.

It would seem that the making of briefs, etc., is never at an end in this case, as we are today in receipt of copy of letter written by counsel for appellant to the clerk of the supreme court, wherein they cite the case of *Odd Fellows Benefit Association* v. *Celia Smith,* 101 M. P. 332, and ask him to submit the same to your honors and give as an excuse for not citing this case in their brief, that this volume was not out when they made the brief. No new principle is laid down in this case. The holding in the *Smith case,* is practically what has been held in most of the other states and the same thing, or practically the same thing as decided in *Dornes* v. *The Supreme Lodge K. of P.,* 75 Miss. 477, and we desire to say that this identical doctrine or decision of the courts was exactly what caused the passage of section 2636, Code 1906 of Mississippi. The legislature seeing the injustice of such a rule passed this section to keep down secret by-laws. However, in the *Smith case,* the policy was issued in April, 1905, before the passage of section 2636, which was issued in April, 1905, before the passage of section 2636, which is a new section, and therefore this section would not have been applicable to the *Smith case* had it been pleaded or invoked, but of course as the section was not invoked by counsel for Mrs. Smith, even if the policy had been issued after the passage of section 2636, the appellee would have gotten no benefit of the section, but as stated in oral argument, regardless of what the

court may think on the question as to whether section
2636 applies to that class of insurance companies in
which appellant falls, the opinion of the court as to its
applicability, could have no effect on the action of the
lower court in the instant case, in suppressing those
parts of the notice under the general issue, which at-
tempted to set up the decision of appellant's medical
director as binding and conclusive, and also appellee's
failure to appear before the supreme executive commit-
tee and before the supreme ruling, with his evidence, as
we think we have clearly demonstrated, because all of
these by-laws were attempts to transfer the trial of this
case to other jurisdictions than the court of Mississippi,
and were also void, because they were attempts to shorten
the statute of limitations. As stated by us in our former
brief and in oral argument, the policy of the law in Mis-
sissippi is clearly defined by section 2636, the Acts of
1912 repealing section 2585 and putting insurance com-
panies in the same class with all others in reference to
the power to shorten the statute of limitations, as well as
all other statutes heretofore cited by us.

The policy in the instant case was not issued until
1908 after the passage of section 2636.

Argued orally by *C. P. Long,* for appellee.

REED, J., delivered the opinion of the court.

This is a suit to recover the amount of a benefit certifi-
cate issued by appellant to Wilson Turner, and made
payable upon his death to his father, the appellee. Ap-
pellant is incorporated under the laws of Pennsylvania,
and is transacting business in Mississippi as a life insur-
ance association. Wilson Powell Turner was a member
of a subordinate lodge of the association at Charleston,
Miss. The benefit certificate, among other provisions,
contains the following: "And upon the further condi-
tion that the said member complies with the constitution,

laws, rules, and requirements of the Supreme Ruling of
the Fraternal Mystic Circle, now in force, or as the same
may be hereafter altered or amended, and that said peti-
tion for membership, the medical examination, the con-
stitution and laws and the benefit certificate are made
a part of the contract, as fully as if set forth herein at
length.'' It also contains the provision that the amount
of the insurance should be paid out of the mortuary fund
of the order upon the death of the insured, while in good
standing, and as ''authorized by, and in accordance with,
the constitution and laws of said order, in force at the
time of death.''

Appellant filed the plea of general issue, and with it a
special notice, in which was set forth in full the constitu-
tion and laws of the order, and in which it was alleged
that the insured had violated the rules of the order, in
that he was addicted at the time of his death to the ex-
cessive use of alcoholic, vinous, and malt liquors, and
that his death resulted from a violation of the laws of the
state of Mississippi. It is also set up in defense, in the
special notice, that the supreme executive committee of
the order had decided against appellee, and rejected his
claim upon the consideration of his proof, and that he
had failed to appear, in accordance with its constitution
and laws, before the committee on a day named at its
office in the city of Philadelphia, Pa., and offer further
proof in support of his claim.

A motion was made by appellee to strike out of the
notice under the general issue the parts thereof which
present as defense (1) the use of liquors; (2) death of
insured resulting from violation of law; and (3) the fail-
ure of appellee to comply with the rules and regulations
of the company requiring his appearance before the exec-
utive committee, and presentation of further proofs. This
motion was sustained. Thereupon appellee filed an an-
swer to that part of the notice of special matters under
the general issue which was not stricken out. In the trial

of the case an objection was made by appellee to the introduction of the by-laws, rules, and regulations of the company, because it was not shown that they had been filed with the commissioner of insurance in this state, as required by section 2636 of the Code of 1906. For the same reason the court excluded the testimony of certain witnesses proving the charter, constitution, and by-laws. In the brief of appellant, his counsel state that "this controversy hinges upon the question as to whether or not the action of the lower court in striking out the pleas and depositions of the defendant below was correct."

We approve the procedure by motion, as in this case, to strike out parts of the special notice under the general issue. A motion may be properly used to facilitate the progress of a cause by removing from the pleadings irrelevant matters. Section 762 of the Annotated Code provides that irrelevant matter inserted in pleading may be stricken out on motion of any party. It was decided in the case of *Hurt* v. *Southern R. R. Co.,* 40 Miss. 391, that irrelevant and redundant matter in pleading should be stricken out on motion, and does not invalidate matters of substance properly stated. In the present case the parts stricken out were irrelevant matters under the rulings of the court.

It is not shown in the record that the charter, or articles of association, and the by-laws, rules or regulations of appellant had been filed with the commissioner of insurance before appellant commenced business in this state. Section 2636 of the Code, above referred to, is as follows: "Every corporation, company, society, organization or association of this or of any other state or country, transacting business of life insurance upon the co-operative or assessment plan, shall file with the commisioner of insurance and banking, before commencing to do business in this state, a copy of its charter or articles of association, as well as the by-laws, rules or regulations referred to in its policies or certificates, and made a part of said con-

tract. That no by-laws or regulations, unless so filed with the commissioner shall operate to avoid or affect any policy or certificate issued by such company or association."

Under this section appellant could not present as a defense in this suit any violation of its laws or regulations by the insured, unless it was shown that such laws and regulations had been duly filed with the commissioner of insurance. The statement is broadly made that, unless so filed, the by-laws or regulations of such insurance organizations shall not operate to avoid or affect any policy or certificate issued by it. Therefore the defenses attempted to be made of the excessive use of liquors, death while violating the law, and the failure to personally appear before the committee and present further proof, being for violation of the by-laws and regulations of the association, will not avail appellant in this case.

Appellant contends that it is a fraternal order, and should not be included in the several organizations mentioned in section 2636. But we cannot see that appellant is an order exempt from the operation of that section. Section 2637 of the Code of 1906, provides: "Nothing in this chapter shall be construed to extend to benevolent associations that only levy an assessment upon their members to create a fund to pay to the family of a deceased member and make no profit therefrom, and that have been incorporated under the laws of this state, and do not solicit business through agents, except such parts of this chapter as apply to fraternal orders." Appellant is a foreign corporation, organized under the laws of another state, and, not being incorporated under the laws of this state, is not exempt by section 2637.

The recitation in the declaration that appellant is "a foreign corporation, duly organized and existing under and by virtue of the laws of the state of Pennsylvania, and transacting business in the state of Mississippi as a life insurance association, having complied with the laws of said state, and licensed thereby to that end," will not

relieve appellant from proving that its charter, constitution, and by-laws were duly filed with the insurance commissioner, as required by section 2636. Section 2636 of the Code prescribes what shall be done by an insurance company before it shall be admitted and authorized to do business in the state. It may do business in the state without complying with section 2636; but, if it fails to comply with this section, then, though engaged in business in the state, it cannot use as a defense any violation of or failure to comply with any of its by-laws or regulations.

The testimony of the deputy chancery clerk that a supplemental statement showing insurance companies doing business in Mississippi had been sent him by the state auditor was not proper proof in this case of the filing of the charter, by-laws, rules, and regulations, as required by section 2636. When the trial judge sustained the objection to the introduction of the by-laws, rules and regulations of the company, he said: "Before you can rely on the by-laws and constitution, or a violation or compliance therewith, or a failure to comply therewith by the insured, in order to avoid the policy, it must be shown by the defendant that this statute already referred to has been complied with by the insurance company by filing these by-laws, constitution, and charter, and whatever else is provided for in that section; therefore I will sustain the objections to the introduction of this and the other testimony along this line, which was objected to at the proper time." This ruling is correct.

The case was presented to the jury on the question whether the insured had complied with all the provisions in the benefit certificate or policy, excepting the condition that he should comply with the constitution, laws, rules, and regulations. The jury returned a verdict for appellee.

We do not find any reversible error, and the case is therefore affirmed.

*Affirmed.*